# NO. 12-19-00092-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BARBARA MOTT BORDELON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Barbara Mott Bordelon filed this original proceeding in which she challenges the denial of her motion to dismiss for want of prosecution.[1]  We conditionally grant the writ.

## BACKGROUND

On June 28, 2013, Real Party in Interest Lois Hale sued Albert N. Weathers and Bordelon for defamation, intentional infliction of emotional distress, and damages.[2]  According to the petition, Bordelon and Weathers, believed to be in a romantic relationship, caused a felony complaint for harassment to be filed against Hale, which resulted in her arrest for an offense she says she did not commit.  The petition further alleges that Bordelon pleaded "guilty" to fabricating physical evidence and confessed to sending text messages from a track phone to harass and cause Hale's arrest.  Hale demanded a jury trial.  Bordelon filed an original answer and a request for disclosure on July 30.

On May 26, 2016, the Angelina County District Clerk informed Hale's counsel that the case had been on file for one year or longer and would be dismissed unless good cause is shown as to why the case should not be dismissed.  The letter further advised that unless a written motion

---

[1] Respondent is the Honorable Paul E. White, Judge of the 159th District Court in Angelina County, Texas.

[2] Weathers is not a party to this proceeding.

requesting that the case not be dismissed was filed within thirty days from May 26, an order would be entered dismissing the case at Hale's cost. On June 14, Hale filed a motion to retain, which stated that she "desires to pursue this cause of action and a disposition of this cause will occur within a reasonable length of time; for which reason [Hale] request[s] the Court to remove this case from the Dismissal Docket so that it might be brought to conclusion and justice done." The motion further requested a scheduling conference. On June 16, Respondent signed an order retaining the case on the docket.

On May 2, 2018, Respondent signed a notice of hearing on the court's intention to dismiss the case for want of prosecution. The notice advised that the case would be dismissed unless a motion to retain was filed before May 21. Hale filed a motion to retain on May 14. This second motion to retain contained identical language to the first motion and again requested a scheduling conference. On May 28, Respondent signed an order retaining the case on the docket.

In December, both Weathers and Bordelon filed motions to dismiss. In response, Hale argued that (1) new evidence surfaced in October 2018, (2) the co-defendants' stance changed because the two married, (3) the co-defendants engaged in further defamatory acts, thereby tolling the statute of limitations, and (4) she required mental health treatment because of the co-defendants' actions beyond the applicable eighteen-month time period, which serves as additional evidence of damages. In a supplemental response, Hale stated she could proceed to trial without additional discovery, "defendants cannot claim surprise as they determined in the five past years they did not need any discovery by their own deliberative actions," and the cause would not be further delayed except for unforeseen emergency. She further stated that she was ignored when she sought deposition dates and that the dismissal motions sought to usurp Respondent's power when the case was not on the dismissal docket.

At the dismissal hearing on Weathers's motion, Hale testified that she filed charges against Bordelon in 2013 before filing suit. She acknowledged having financial problems because of surgery and work issues because of actions by Weathers and Bordelon, and not paying her attorney. She recently obtained some money and, approximately three months before the hearing, she asked her attorney to proceed. In October 2018, she discovered a letter, written in 2013, from Weathers to Bordelon, which created a concern that Weathers conspired to ruin Hale financially. Hale testified that she first saw the letter in the Angelina County District Attorney's file when they went

2

to court before Bordelon was released from "probation" and she asked to read it. She had no previous knowledge of the letter.

Hale further acknowledged receiving mental health treatment because of the litigation, for approximately one year but beyond the eighteen months from origination of the lawsuit. She could not pinpoint when treatment began, explaining that her memory was "not great" and she suffered three TIAs[3] and a mal stroke. Also beyond the eighteen-month time period, she learned that Weathers and Bordelon married, which furthered her suspicions of a conspiracy. She testified to contacting witnesses, collecting the offense report pertaining to Bordelon's arrest, text messages, and her mental health records, and attempting to mediate with Bordelon. She acknowledged conducting these activities early on in the proceeding but could not recall the dates because of her memory. She also participated in discussions with her attorney. On cross-examination, when asked about having five years to investigate, she testified, "I think we have tried to do some things." Because of her lack of funding and in the interest of justice, she sought to pursue the lawsuit to completion. Hale did not testify at the hearing on Bordelon's motion.

Respondent subsequently granted Weathers's motion but denied Bordelon's motion. In a letter to the parties, Respondent stated, "Although action by Plaintiff in prosecuting the case is the same as to each Defendant, I do not find the converse to be true as to responses by each Defendant, most notably the absence of any objection by Defendant, Bordelon, to Plaintiff's Motions to Retain." On February 9, 2019, Respondent signed an order denying Bordelon's motion to dismiss and granting Hale's motion to retain the cause against Bordelon. This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "A trial court's erroneous refusal to dismiss a case for want of prosecution cannot effectively be challenged on appeal." *In re Conner*, 458 S.W.3d 532, 535

---

[3] "TIA" is an abbreviation for "transient ischemic attack."

(Tex. 2015) (per curiam, orig. proceeding). Accordingly, mandamus review is appropriate in this case. *See id*.

## ABUSE OF DISCRETION

Bordelon contends that Respondent abused his discretion by denying her motion to dismiss because Hale failed to prosecute the case with diligence and establish good cause for that lack of diligence. She further maintains that Respondent's denial of her motion was arbitrary and unreasonable given his granting of Weathers's motion.

### Standard of Review and Applicable Law

A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Cerberus Capital*, 164 S.W.3d at 382. This standard has different applications in different circumstances. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When reviewing the trial court's resolution of factual issues or matters committed to its discretion, we may not substitute our judgment for that of the trial court. *Id*. The relator must show that the trial court could reasonably have reached only one conclusion. *Id*. at 840. Our review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* This is because a trial court has no discretion in determining what the law is or applying the law to the facts. *Id*.

A plaintiff has a duty to prosecute her suit to a conclusion with reasonable diligence, failing which a trial court may dismiss the suit for want of prosecution. *Conner*, 458 S.W.3d at 534 (quoting *Callahan v. Staples,* 139 Tex. 8, 161 S.W.2d 489, 491 (1942)). A delay of unreasonable duration, if not sufficiently explained, raises a conclusive presumption of abandonment of the plaintiff's case. *Id*. This presumption justifies dismissal of a suit under either a trial court's inherent authority or Texas Rule of Civil Procedure 165a. *Id*. Under Rule 165a(2), a case may be dismissed if not disposed of within the time standards promulgated by the Texas Supreme Court under its Administrative Rules. TEX. R. CIV. P. 165a(2). A district judge should ensure, so far as reasonably possible, that civil jury cases are brought to trial or final disposition within eighteen months from the appearance date. TEX. R. JUD. ADMIN. 6.1(a)(1). "[D]ismissal for want of prosecution may be obtained by motion of the trial court or on motion of any party to the suit." *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 738 (Tex. App.—Waco 2005,

4

pet. denied). Although trial courts generally have considerable discretion when managing their dockets, such discretion is not absolute. *Conner*, 458 S.W.3d at 534. A "trial court abuses its discretion by refusing to grant a motion to dismiss for want of prosecution in the face of unmitigated and unexplained delay." *Id*.

## Analysis

Hale filed suit in June 2013 and Bordelon filed an answer in July 2013. Hale's lawsuit far exceeds the eighteen-month time frame set forth in administrative Rule 6.1(a)(1). *See* TEX. R. JUD. ADMIN. 6.1(a)(1). Because this delay gives rise to a presumption of abandonment, we must determine whether Hale sufficiently explained the delay. *See Conner*, 458 S.W.3d at 534.

Hale's testimony indicates that she made some effort to obtain evidence and witnesses in the lawsuit's early stages. Diligence over the first year or two, or even sporadic diligence, does not excuse the subsequent lack of diligence demonstrated by the record. *See Johnson v. Livingston Diagnostic Clinic*, No. 09-07-00043-CV, 2008 WL 1970898, at *3 (Tex. App.— Beaumont May 8, 2008, no pet.) (mem. op.); *see also Nichols v. Sedalco Constr. Servs.*, 228 S.W.3d 341, 343 (Tex. App.—Waco 2007, pet. denied) (brief periods of activity did not explain remaining long periods of inactivity). According to the record, after Hale filed her petition on June 28, 2013, she filed nothing further until her untimely response to Bordelon's request for disclosure on March 24, 2014. *See* TEX. R. CIV. P. 194.3 (disclosure response is due thirty days after service. Hale's next filing did not occur until she filed her motion to retain on June 14, 2016. Respondent signed the retention order on June 16, but no filings followed. Nearly two years later, the second dismissal notice issued on May 2, 2018. On May 14, Hale filed her second motion to retain, which constitutes the first document she filed since the previous motion to retain. After Respondent again retained the case on the docket, Hale still filed nothing.

Additionally, Hale's testimony explained that she only recently discovered the 2013 letter in October 2018. However, the record does not indicate any attempts to obtain written discovery, aside from the requests for disclosure served on Weathers and Bordelon at the beginning of the lawsuit, in the years preceding Bordelon's motion. Despite Hale's testimony that she did not know she could request information from the District Attorney's office, she was represented by counsel since the proceeding's inception and the record does not demonstrate that counsel served any discovery or otherwise sought to obtain information from the District Attorney. And although Hale's testimony attempts to attribute the delay in prosecuting her case to mental health treatment,

5

the record does not demonstrate that this rendered her counsel incapable of diligently prosecuting the case on her behalf. Moreover, Hale's financial inability to prosecute the action does not provide a sufficient excuse for the delay in prosecuting her case. *See Coello v. Labarbera*, No. 03-16-00670-CV, 2017 WL 3902612, at \*4 (Tex. App.—Austin Aug. 24, 2017, no pet.) (mem. op.).

To demonstrate diligence, Hale refers this Court to her unanswered requests for a scheduling conference in 2016 and 2018. These requests, found in Hale's two motions to retain, were made only after notice of dismissal. Hale does not explain how the absence of a scheduling or docket control order demonstrates that she exercised diligence in prosecuting her case or why she failed to request an order before her cause was placed on the dismissal docket. *See Southwell Inv. Grp., III v. Indwell Res., Inc.*, No. 14-08-00695-CV, 2010 WL 1379987, at \*2 (Tex. App.—Houston [14th Dist.] Apr. 8, 2010, no pet.) (mem. op.) (plaintiff did not explain how absence of scheduling order showed exercise of diligence or why it did not request entry of docket-control order before trial court issued notice of intent to dismiss for want of prosecution). Even assuming Respondent erroneously failed to enter a scheduling or docket control order, Hale's failure to bring the error to Respondent's attention demonstrates a lack of diligence on Hale's part. *See Johnson*, 2008 WL 1970898, at \*2.

Additionally, Hale relies on Bordelon's inaction, such as her failure to file a request or reply regarding the dismissal dockets and refusal to mediate, to support her contention that Respondent properly denied the motion to dismiss. However, Respondent improperly considered Bordelon's failure to object to Hale's motions to retain when denying Bordelon's motion. "[I]t is the plaintiff who has the duty to prosecute its lawsuit to a conclusion with 'reasonable diligence,' not the defendant." *Tex. Wrecker Serv. v. Resendez*, No. 13-16-00515-CV, 2017 WL 711642, at \*7 (Tex. App.—Corpus Christi Feb. 23, 2017, orig. proceeding) (mem. op.). Bordelon's participation, or lack thereof, including a refusal to mediate, has no bearing on whether Hale diligently prosecuted her case. *See Bjorkstam*, *v. Woodward, Inc.*, No. 14-14-00927-CV, 2016 WL 1072298, at \*3 (Tex. App.—Houston [14th Dist.] Mar. 17, 2016, no pet.) (mem. op.); *see also F.D.I.C. v. Kendrick*, 897 S.W.2d 476, 481 (Tex. App.—Amarillo 1995, no writ) ("neither settlement activity nor the passive attitude of opposing parties excuses a want of diligent prosecution").

6

Hale also relies on the fact that she provided an amended disclosure response in 2018. The record indicates that Hale's request for a jury trial and amended disclosure response were filed on December 17, 2018, only after Bordelon filed her motion to dismiss on December 13. Actions taken after a motion to dismiss is filed, including the obtaining of a trial setting or filing of a jury demand, do not enter into the analysis of whether diligence has been exercised. *Cotten v. Briley*, 517 S.W.3d 177, 184 (Tex. App.—Texarkana 2017, no pet.); *see Bjorkstam*, No. 14-14-00927-CV, 2016 WL 1072298, at \*3 (activity and related excuses occurring after filing of motion to dismiss do not affect analysis of whether plaintiffs exercised reasonable diligence in prosecuting case). Accordingly, Hale's amended disclosure response and request for jury trial, filed after Bordelon's motion to dismiss, do not establish diligence. *See Cotten*, 517 S.W.3d at 184; *see also Bjorkstam*, 2016 WL 1072298, at \*3.

At the time that Bordelon filed her motion to dismiss, Hale's lawsuit had been pending, with minimal activity, for over five years. Hale's reasons for that delay do not sufficiently explain the delay. Accordingly, we conclude that Hale failed to prosecute her suit against Bordelon to a conclusion with reasonable diligence and Respondent abused his discretion by refusing to grant Bordelon's motion to dismiss for want of prosecution. *See Conner*, 458 S.W.3d at 534.

## CONCLUSION

Having determined that Respondent abused his discretion by denying Bordelon's motion to dismiss for want of prosecution, we ***conditionally grant*** Bordelon's petition for writ of mandamus. We direct Respondent to vacate his February 9, 2019, order denying Bordelon's motion to dismiss, and in its stead, to issue an order granting Bordelon's motion and dismissing Hale's lawsuit against Bordelon, without prejudice.[4] We trust Respondent will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so ***within ten days of the date of the opinion and order***. The trial court shall furnish this Court, within the time of compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance.

---

[4] Dismissal without prejudice is appropriate because a dismissal for want of prosecution is not a judgment on the merits. *See Johnson v. Livingston Diagnostic Clinic*, No. 09-07-00043-CV, 2008 WL 1970898, at \*4 (Tex. App.—Beaumont May 8, 2008, no pet.) (mem. op.)

7

**BRIAN HOYLE**
Justice

Opinion delivered April 30, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2019**

**NO. 12-19-00092-CV**

**BARBARA MOTT BORDELON,**
Relator
V.

**HON. PAUL E. WHITE,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Barbara Mott Bordelon; who is the relator in appellate cause number 12-19-00092-CV and the defendant in trial court cause number CV-02421-13-06, pending on the docket of the 159th Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on March 12, 2019, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, ***conditionally granted***.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate his February 9, 2019, order denying Bordelon's motion to dismiss, and in its stead, to issue an order granting the motion and dismissing Lois Hale's lawsuit against Bordelon, without prejudice; the writ will not issue unless the **HONORABLE PAUL E. WHITE** fails to comply with this Court's order within ten (10) days from the date of this order.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*