

# NUMBER 13-23-00381-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CECILIA SEPTIMO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, relator Cecilia Septimo contends that the trial court abused its discretion by ordering discovery to be stayed pending its rulings on a motion to dismiss filed pursuant to Rule 91a of the Texas Rules of Civil Procedure and a plea to the jurisdiction. *See* TEX. R. CIV. P. 91a.6 (stating that whether a cause of action should be dismissed on the grounds that it has no basis in law or fact must be decided

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

"based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59"); *El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 524 (Tex. 2020) ("We hold today that open-enrollment charter schools and their charter-holders have governmental immunity from suit and liability to the same extent as public schools.").

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "Appellate review is inadequate when an erroneous discovery order vitiates or severely compromises a party's ability to present a viable claim or defense at trial." *In re Chefs' Produce of Houston, Inc.*, 667 S.W.3d 297, 302–03 (Tex. 2023) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Jubilee Academic Center, Inc. d/b/a Jubilee Academies (Jubilee), additional briefing provided by the parties, and the applicable law, is of the opinion that Septimo has not met her burden of proof to obtain mandamus relief. *See In re Van Waters & Rogers, Inc.*, 62 S.W.3d 197, 200–01 (Tex. 2001) (orig. proceeding) (per curiam*); Polaris Inv. Mgmt. Corp. v. Abascal*, 892 S.W.2d 860, 861–62

(Tex.1995) (orig. proceeding) (per curiam); *In re Chu*, 134 S.W.3d 459, 466–67 (Tex. App.—Waco 2004, orig. proceeding).

Rule 91a dismissals are based on the pleadings alone. *See* TEX. R. CIV. P. 91a.6. However, evidence may be necessary to determine the merits of a plea to the jurisdiction. *See Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012) ("Because courts should determine whether they have jurisdiction as early as practicable, courts should allow 'reasonable opportunity for targeted discovery' if necessary to illuminate jurisdictional facts in a plea to the jurisdiction." (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 233 (Tex. 2004))*; see generally Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770–86 (Tex. 2018) (discussing evidentiary burdens in employment discrimination and retaliation cases). Here, Jubilee has answered some interrogatories and has apparently produced some documents in response to requests for production. Septimo has attempted to depose two of Jubilee's agents, but Jubilee quashed the depositions. Septimo filed a motion to compel, but the trial court did not rule on it and instead granted a stay of discovery pending the resolution of Jubilee's motion to dismiss and its plea to the jurisdiction. In this proceeding, Septimo has not explained how additional discovery is necessary to prosecute her claims and has thus not met her burden to show that the trial court's discovery order vitiated or severely compromised her ability to present viable claims in the underlying lawsuit. *See In re Chefs' Produce of Houston, Inc.*, 667 S.W.3d at 302–03.

"Trial courts are generally granted considerable discretion when it comes to managing their dockets. Such discretion, however, is not absolute." *In re Conner*, 458

3

S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam); *see In re Bordelon*, 578 S.W.3d 197, 201 (Tex. App.—Tyler 2019, orig. proceeding). We are confident that the trial court will timely rule on Jubilee's pending motion to dismiss and plea to the jurisdiction. Accordingly, we deny the petition for writ of mandamus at this time without prejudice.

GINA M. BENAVIDES
Justice

Delivered and filed on the
14th day of September, 2023.

4