# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00731-CV

### In re American Contractors Indemnity Company, d/b/a Texas Bonding Company

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

This mandamus proceeding concerns when a party has presumptively abandoned its claims and should have their suit dismissed for want of prosecution. Relator American Contractors Indemnity Company d/b/a Texas Bonding Company (Texas Bonding) has filed a petition for writ of mandamus seeking relief from the trial court's denial of its motion to dismiss for want of prosecution, which sought to dismiss the claims brought in the underlying guardianship fiduciary litigation by the successor guardian, Karl Johnson (Successor Guardian). For the following reasons, we conditionally grant mandamus relief.

### BACKGROUND

The underlying proceeding is an ancillary fiduciary litigation brought by Successor Guardian against a previous guardian of the estate and her bonding company, Texas Bonding. In 2002, Alicia Releford was appointed guardian of the estate of Pheobe Banks, an incapacitated person. Releford at the time executed an executor's oath and a $200,000 bond, with Texas Bonding as surety, conditioned on Releford faithfully performing all the duties

required of her as guardian. Five years later in 2007, Releford was removed as guardian of the estate and replaced by Karl Johnson, who became the successor guardian.

On December 10, 2008, Successor Guardian sued both Releford and Texas Bonding, alleging that Releford as guardian had breached her fiduciary duty to Banks by misappropriating approximately $208,807.19 in oil and gas royalty payments that were assets of the estate. Successor Guardian also sought a judgment against Texas Bonding for the full amount of its surety obligation. Texas Bonding filed its original answer and cross claims against Releford for indemnification and attorney's fees on January 26, 2009. Releford was served with process by Successor Guardian on or around December 15, 2008, and by Texas Bonding on or around January 8, 2010. Releford, however, did not file an answer to either party's filing or appear in the suit.

The record reflects that Successor Guardian sought business records in April and May 2010 and annually filed accountings with the probate court, but he otherwise took no other actions in the underlying fiduciary litigation for approximately thirteen years. On December 20, 2022, Texas Bonding moved to dismiss Successor Guardian's claims for want of prosecution. On April 21, 2023, the probate court issued a notice setting the matter for dismissal on May 12, 2023 (which was ultimately rescheduled to June 30, 2023).[1]

At the June 30, 2023 dismissal hearing, the probate court and the parties spent much of the hearing discussing whether a later hearing should be set so that both the Successor Guardian and Texas Bonding could seek default judgments against Releford. In response to Texas Bonding's motion to dismiss for want of prosecution, Successor Guardian referenced

---

[1] Texas Bonding separately filed a motion to retain its cross claims against Releford and a motion for default judgment on those cross claims.

financial records it had sought from third parties in April and May 2010 and challenged that Texas Bonding had itself waited years to request dismissal. Successor Guardian also represented that he had sought a default judgment again Releford by submission either in 2009 or 2010, but that the court did not act on that filing.[2] Both parties thereafter filed post-hearing briefings on the motion to dismiss. In that briefing, Successor Guardian argued that dismissal for want of prosecution was at the discretion of the court, that no trial settings had been missed, and that justice would best be served by going forward with a trial setting for both parties to seek default judgments. Successor Guardian, however, did not provide any explanation or description of actions he took between May 2010 and December 2022 that sought to advance the litigation or prosecute his claims. On August 28, 2023, the probate court signed an order denying the motion to dismiss, retaining the case on its docket, and setting a bench trial for November 29, 2023.

Texas Bonding now seeks mandamus relief, contending that the probate court abused its discretion by entering that Order and failing to dismiss Successor Guardian's claims for want of prosecution.[3]

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy and therefore will only issue when a trial court has committed a clear abuse of discretion and the relator has no adequate remedy by

---

[2] The hearing also involved an extended colloquy between the parties about whether Successor Guardian had ever properly served Releford, during which Successor Guardian presented the previously unfiled return of service citation from December 15, 2008.

[3] Texas Bonding also moved for an emergency stay of the November 29, 2023 setting pending resolution of the mandamus proceeding. We granted the motion and temporarily stayed all proceedings in the probate court pending further order of this Court. *In re American Contractors Indem. Co.*, No. 03-23-00731-CV, 2023 WL 7429366, at *1 (Tex. App.—Austin Nov. 9, 2023, order).

appeal. *In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (orig. proceeding) (per curiam) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)). "The relator has the burden of establishing both prerequisites." *In re Bordelon*, 578 S.W.3d 197, 200 (Tex. App.—Tyler 2019, orig. proceeding). "A trial court's erroneous refusal to dismiss a case for want of prosecution cannot effectively be challenged on appeal." *In re Conner*, 458 S.W.3d at 535; *accord In re Bordelon*, 578 S.W.3d at 200.[4] Accordingly, the only issue before us is whether the probate court abused its discretion when it denied the motion to dismiss Successor Guardian's petition for want of prosecution.

A trial court abuses its discretion when it either reaches an arbitrary and unreasonable decision that amounts to a clear and prejudicial error of law or it fails to correctly analyze and apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding)). When determining factual issues or other matters committed to the court's discretion, we may not substitute our judgment for that of the trial court and Relator "must establish that the trial court could reasonably have reached only one decision." *In re Bordelon*, 578 S.W.3d at 200–01 (citing *Walker*, 827 S.W.2d at 839–40). When reviewing how the lower court determined legal issues, the trial court abuses its discretion when there is "a clear failure by the trial court to analyze or apply the law correctly." *Walker*, 827 S.W.2d at 840.

---

[4] Successor Guardian argues that this original proceeding is untimely, and therefore we lack jurisdiction, because it was not filed within thirty days from the order being signed, as required by Rule 26.1. *See* Tex. R. App. P. 26.1 (governing time to perfect appeals in civil cases). However, original proceedings are governed by Rule 52, not Rule 26.1. *See* Tex. R. App. P. 52 ("Original Proceedings"). Nor has Successor Guardian demonstrated that a two-month delay in seeking mandamus relief is unreasonable. *See, e.g.*, *In re International Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam) (concluding that almost two-month delay in seeking mandamus relief was not unreasonable).

**ABUSE OF DISCRETION**

Texas Bonding contends that the trial court abused its discretion by denying its motion to dismiss for want of prosecution because of Successor Guardian's more than decade-long delay in prosecuting his suit. We agree.

"A plaintiff has a duty to prosecute [their] suit to a conclusion with reasonable diligence, failing which a trial court may dismiss the suit for want of prosecution." *In re Bordelon*, 578 S.W.3d at 200–01. "[D]ismissal for want of prosecution may be obtained by motion of the trial court or on motion of any party to the suit." *Id.* at 201 (quoting *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 738 (Tex. App.—Waco 2005, pet. denied)). "A trial court may dismiss a suit for want of prosecution either under its inherent powers or pursuant to Rule 165a of the Texas Rules of Civil Procedure." *In re Crawford*, 560 S.W.3d 357, 364 (Tex. App.—Texarkana 2018, orig. proceeding) (citing *In re Conner*, 458 S.W.3d at 534). Under Rule 165a, a matter may be dismissed for want of prosecution if the party seeking relief fails to appear at any hearing or trial or if the case is not disposed of within the time standards promulgated by the Texas Supreme Court. *See* Tex. R. Civ. P. 165a. Generally, those time standards are found within Rule 6.1(a) of the Rules of Judicial Administration, which requires "so far as reasonable possible" that district and statutory county courts ensure that civil cases are brought to trial or final disposition within twelve months from appearance in nonjury cases and eighteen months in jury trials. Tex. R. Jud. Admin. 6.1(a); *see also In re Conner*, 458 S.W.3d at 535. Under the applicable Travis County Probate Court Local Rules approved by the Supreme Court, the following cases are eligible for dismissal for want of prosecution:

(a)     Cases on file for more than 180 days in which no answer has been filed.

(b)     Cases which have been on file for more than twelve months and are not set for trial and have had no filings or settings within 180 days.

(c)     Cases in which a party or the party's attorney has failed to take any action specified by the Court.

(d)     Any other case designated by the Court.

Travis County (Tex.) Prob. Ct. Loc. R. 3.1.  When a delay of unreasonable duration has not been sufficiently explained by the party seeking relief, there is "a conclusive presumption of abandonment of the plaintiff's suit."  *In re Conner*, 458 S.W.3d at 534 (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942)); *see also In re Nowell*, 548 S.W.3d 104, 106–07 (Tex. App.—Beaumont 2018, orig. proceeding).  "This presumption justifies the dismissal of a suit under either a court's inherent authority or Rule 165a of the Texas Rules of Civil Procedure."  *In re Conner*, 458 S.W.3d at 534 (citing *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999)).  Courts generally have broad discretion to manage their own dockets, but that discretion is not absolute.  *See In re Conner*, 458 S.W.3d at 534; *see also In re Nowell*, 548 S.W.3d at 106–07.  Thus, a "trial court abuses its discretion by refusing to grant a motion to dismiss for want of prosecution in the face of unmitigated and unexplained delay." *In re Conner*, 458 S.W.3d at 534.

As explained above, between December 2008 and January 2010, Successor Guardian filed suit against Texas Bonding and Releford, Texas Bonding filed its answer and cross claims against Releford, and both Successor Guardian and Texas Bonding had served Releford.  The litigation thereafter remained pending in the probate court for almost thirteen

6

years before Texas Bonding sought dismissal for want of prosecution, far exceeding the deadlines set in Rule 6.1 and the twelve-month time frame set under Local Rule 3.1.  *See* Tex. R. Jud. Admin. 6.1(a); *see also* Travis County (Tex.) Prob. Ct. Loc. R. 3.1(b).  We must therefore determine whether Successor Guardian has sufficiently explained his delay in prosecuting the suit to avoid the presumption that he has abandoned the suit.  *See In re Conner*, 458 S.W.3d at 534; *In re Bordelon*, 578 S.W.3d at 201.

Other than seeking certain financial records from third parties in the first half of 2010, there is nothing in the mandamus record showing any other discovery, motions practice, or other actions for the subsequent thirteen years that would demonstrate an intent by Successor Guardian to prosecute his suit or advance his claims against the defendants.  *See In re Bordelon*, 578 S.W.3d at 201 ("Diligence over the first year or two, or even sporadic diligence, does not excuse the subsequent lack of diligence demonstrated by the record.").  The case summary included in the record shows only two docket entries between May 14, 2010 (when a business records affidavit was filed) and December 20, 2022 (when Texas Bonding filed its motion to dismiss): an August 18, 2011 entry when Texas Bonding filed an amended answer and a September 9, 2019 entry for a probate accounting with a notation indicating the matter was previously placed on the DWOP docket.  Otherwise, the court record indicates no other actions taken by any parties for approximately twelve years, seven months, and six days.  To put this in perspective, when the business records affidavits were filed in April and May 2010, Barack Obama was still serving his first term as President of the United States, the Honorable Wallace B. Jefferson was still the Chief Justice of the Texas Supreme Court, the Honorable J. Woodfin

7

Jones was still the Chief Justice of the Third Court of Appeals, Mack Brown was still the head coach of the Texas Longhorns football team, and the original iPad was just released.[5]

Successor Guardian contends that he has shown an intent not to abandon the suit because he filed an accounting with the probate court each year that listed the pending fiduciary litigation claims as an asset of the estate. Guardians of the estate are required to file an annual accounting listing any changes in the estate assets. *See* Texas Est. Code §§ 1163.002 ("Annual Account Required Until Estate Closed"), .101 ("Annual Report Required"). But the annual account only lists the existence of an asset of the estate. *Id.* § 1163.001(b) (requiring guardian to include detailed description of estate assets on annual accounting). Such a reporting requirement is a general obligation of a guardian, not an action taken to further the prosecution of his ancillary fiduciary lawsuit. *See id.* § 1163.151(b)(2) (listing penalty for failing to file annual account as revoking guardian's letters of guardianship and/or $1,000 fine). Successor Guardian has not cited any authority, nor have we found any, concluding that the mere act of filing the annual accounting in the estate constitutes sufficient proof that the guardian is pursuing an ancillary fiduciary litigation "with reasonable diligence." *See In re Bordelon*, 578 S.W.3d at 201.

Successor Guardian argues that Texas Bonding has also been slow and inactive in asserting its own cross claims against Releford. Successor Guardian's duty to prosecute his suit in a timely fashion against Releford and Texas Bonding is not conditioned or excused by another party's similar protracted or delayed actions. *See id.* at 200–01. Even assuming Texas Bonding

---

[5] Successor Guardian also represented to the probate court at the June 30, 2023 dismissal hearing that he had originally sought a default judgment in 2009, but that after he learned the probate court prefers having evidentiary hearings to prove up the default judgment, he sought the additional third party records, which led to the later April and May 2010 business records affidavits. But nothing in the record demonstrates that Successor Guardian continued to pursue

8

has failed to provide a justification for its delays in pursuing its own cross claims against Releford, Releford's entitlement to seek a dismissal for want of prosecution against Texas Bonding does not excuse Successor Guardian's own failure to prosecute his claims with reasonable diligence. *See In re Conner*, 458 S.W.3d at 534 (explaining conclusive presumption of abandonment applies based on party's own failure to provide explanation for unreasonable delay).

Finally, Successor Guardian argues that the four factors a court should consider when deciding a motion for dismissal for want of prosecution under its inherent power support the denial of Texas Bonding's dismissal motion. *See, e.g.*, *Henderson v. Blalock*, 465 S.W.3d 318, 321 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay."). Given the record before us, however, we need not reach consideration of those individual factors. Although there may be legitimate reasons for a suit in the probate court to last several years, Successor Guardian failed to provide any explanation for why this ancillary fiduciary litigation languished for over a decade without any actions by him to prosecute his suit. The lack of an explanation for such an unreasonable delay establishes a "conclusive presumption of abandonment" by Successor Guardian. *See In re Conner*, 458 S.W.3d at 534. Thus, although the probate court generally has broad discretion to manage its docket, in this instance it was an abuse of discretion to refuse to grant the motion to dismiss "in the face of unmitigated and unexplained delay." *Id.*

---

that default judgment attempt until he sought a default judgment against Releford in the weeks before the June 2023 dismissal hearing.

**CONCLUSION**

We conditionally grant Texas Bonding's petition for writ of mandamus. We lift our temporary stay of the lower court proceedings and direct the probate court to vacate its August 28, 2023 order retaining the case on its docket and denying the motion to dismiss for want of prosecution and direct the court to dismiss Successor Guardian's claims for want of prosecution. The writ will issue only if the trial court fails to comply.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: January 31, 2024