

# NUMBER 13-25-00663-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MARISOL GARZA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Cron**

By petition for writ of mandamus, relator Marisol Garza contends that the trial court[1] abused its discretion by refusing to dismiss the underlying contract dispute for want of prosecution. The lawsuit has been pending for more than eleven years and Tesoro Corporation d/b/a AAA Electrical Signs (Tesoro) has failed to provide good cause for the delay in prosecuting its lawsuit. Accordingly, we conditionally grant the petition for writ of

---

[1] This original proceeding arises from trial court cause number C-7020-14-F in the 332nd District Court of Hidalgo County, Texas, and the respondent is the Honorable Juan R. Alvarez. *See* TEX. R. APP. P. 52.2.

mandamus.

## I.    BACKGROUND

On August 21, 2014, Tesoro filed suit against Garza and Beyamar Home Health (Beyamar). Tesoro alleged that it signed a contract with Garza and Beyamar pursuant to which it would install a "40' x 25' double face custom electrical monument sign with a full color video board" for an initial payment of $53,500 and a monthly rental fee of $4,270 for a term of sixty months. According to Tesoro, Garza and Beyamar breached the contract by failing to make the required payments under the contract.

Tesoro failed to secure service of process for its lawsuit. On July 8, 2015, the trial court issued notice that the case was set to be heard on the dismissal docket on August 4, 2015. On August 3, 2015, immediately before the hearing, Tesoro filed a motion requesting substituted service. The trial court granted Tesoro's motion for substituted service and retained the case on its docket. On October 21, 2015, Garza and Beyamar filed a general denial. Thereafter, on November 15, 2015, Bey LLC[2] (Bey) filed a petition in intervention against Tesoro, and on December 17, 2015, Tesoro filed a nonsuit of its claims against Beyamar.

On July 31, 2017, the trial court issued notice to the parties that the case was again set on the dismissal docket for August 25, 2017. For a second time, the trial court did not dismiss the case. On April 23, 2024, Garza filed a motion to dismiss for want of prosecution. Garza alleged that the case should be dismissed for want of prosecution under Texas Rule of Civil Procedure 165a and the trial court's inherent power. *See* TEX.

---

[2] Bey LLC appears in the pleadings and record as "Bey LLC" and "Bey, LLC."

R. Civ. P. 165a. Garza argued that the case had been pending for almost a decade, Tesoro had minimally prosecuted the case, and the case timeline was "peppered with extensive intervals of inactivity." Garza provided the following timeline[3] for the case:

8/21/2014    Plaintiff's Original Petition

**NEARLY TWELVE MONTHS OF INACTIVITY**

8/3/2015    Plaintiff's Motion for Substitute Service (**showing the last attempted service being November 7, 2014—nearly nine months before Plaintiff filed the motion for substitute service**).

**TWENTY-SEVEN MONTHS OF INACTIVITY**

11/6/2017    Plaintiff's Motion for Summary Judgment

**NINE MONTHS OF INACTIVITY**

8/23/2018    Plaintiff's Motion to Compel

9/4/2018    Plaintiff's Motion to Extend Discovery Deadline

11/2/2018    Plaintiff's Motion for Contempt against Bey, LLC

2/21/2019    Plaintiff's Notice of Intent to Take Oral Deposition of Marisol Garza

4/5/2019    Plaintiff's Notice of Intent to Take Oral Deposition of Marisol Garza

4/12/2019    Plaintiff's Amended Notice of Intent to Take Oral Deposition of Marisol Garza

**SIX MONTHS OF INACTIVITY**

10/29/2019    Plaintiff's Designation of Experts

12/27/2019    Plaintiff's Motion to Extend Discovery Deadline

---

[3] We have made minor formatting changes to Garza's timeline.

3

12/27/2019    Plaintiff's Second Amended Notice to Take Oral Deposition of Marisol Garza

1/17/2020    Plaintiff's Motion to Compel

2/3/2020    Plaintiff's Third Amended Notice to Take Oral Deposition of Marisol Garza

**[*FORTY*]-SIX MONTHS OF INACTIVITY**

4/23/2024    Motion to Dismiss for Want of Prosecution

Garza's motion to dismiss was originally set to be heard on April 29, 2024, but the parties agreed to pass the hearing to mediate the case. The mediation was not successful.

On September 30, 2025, the trial court issued notice that the case would be heard on the dismissal docket on October 23, 2025. Garza again requested a hearing on her motion to dismiss, and the trial court held that hearing on December 11, 2025. That same day, the trial court signed an order denying Garza's motion to dismiss for want of prosecution.

On December 12, 2025, Garza filed this petition for writ of mandamus. The Court requested the real parties in interest to file responses to the petition for writ of mandamus. Bey filed a response requesting that this Court issue mandamus relief. Bey specifically requested that we order the trial court to grant the motion to dismiss and "dismiss all claims brought by any party in the case with prejudice." Tesoro filed a response alleging that: (1) Garza's "unclean hands bar her from obtaining dismissal when she contributed equally to the delay in this case"; (2) "the delay was attributable to both parties equally" because Garza "sought as many continuances" as Tesoro, and "most continuances were agreed motions supported by both sides"; and (3) the COVID-19 pandemic explains an approximately eighteen-month delay in the case from March 2020 through September

4

2021. Garza filed a reply to Tesoro's response in support of her request for mandamus relief.

## II.    MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

The trial court abuses its discretion if it reaches a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 839) (cleaned up); *see In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). The trial court has no discretion in determining what the law is or in applying the law to the facts. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 835 (Tex. 2024) (orig. proceeding); *In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023) (orig. proceeding) (per curiam). When determining if the trial court clearly abused its discretion, an appellate court may not substitute its judgment for the trial court's determination of factual or other matters committed to the trial court's discretion, even if the appellate court would have decided the issue differently. *In re State Farm Lloyds*, 520 S.W.3d at 604; *Walker*, S.W.2d at 839.

In accordance with these principles, mandamus relief is appropriate when a trial court abuses its discretion in failing to dismiss a case for want of prosecution. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam); *In re Bordelon*, 578 S.W.3d 197, 200 (Tex. App.—Tyler 2019, orig. proceeding); *In re Crawford*, 560 S.W.3d 357, 363 (Tex. App.—Texarkana 2018, orig. proceeding). That is because an "erroneous refusal to dismiss a case for want of prosecution cannot effectively be challenged on appeal." *In re Conner*, 458 S.W.3d at 535. In short, forcing a litigant to wait for an appellate remedy would allow "the very delay dismissal is intended to prevent." *Id.* And, in such circumstances, a trial of the case would be "hampered by stale evidence and lost or clouded memories." *Id.*

### III.    DISMISSAL FOR WANT OF PROSECUTION

The plaintiff has a duty to prosecute its lawsuit to a conclusion with reasonable diligence, and if that duty is not fulfilled, the trial court may dismiss the case for want of prosecution. *In re Conner*, 458 S.W.3d at 534; *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942); *In re Bordelon*, 578 S.W.3d at 201. "[A] delay of an unreasonable duration . . . if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit." *In re Conner*, 458 S.W.3d at 534 (quoting *Callahan*, 161 S.W.2d at 491); *see In re Bordelon*, 578 S.W.3d at 201. This conclusive presumption justifies the dismissal of a suit under either the trial court's inherent authority or pursuant to Rule 165a of the Texas Rules of Civil Procedure. *In re Conner*, 458 S.W.3d at 534; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

As relevant here, Rule 165a provides that a case may be dismissed if it is "not disposed of within the time standards promulgated by the Supreme Court under its

6

Administrative Rules." Tᴇx. R. Cɪv. P. 165a(2). The Texas Rules of Judicial Administration require district and statutory county courts to ensure, "so far as reasonably possible," that civil cases in which a jury has been demanded, other than those arising under the Family Code, are brought to trial or final disposition within eighteen months of the appearance date. Tᴇx. R. Jᴜᴅ. Aᴅᴍɪɴ. 6.1(a)(1). Trial courts possess "considerable discretion" when managing their dockets; however, such discretion is not absolute. *In re Conner*, 458 S.W.3d at 534; *see In re Crawford*, 560 S.W.3d at 364. A "trial court abuses its discretion by refusing to grant a motion to dismiss for want of prosecution in the face of unmitigated and unexplained delay." *In re Conner*, 458 S.W.3d at 534.

## IV.  Aɴᴀʟʏsɪs

Tesoro filed its original petition on August 2, 2014; thus, its lawsuit has been pending for eleven years and five months. This period greatly exceeds the eighteen-month time frame for disposition of the case as set forth in the administrative rules. *See* Tᴇx. R. Jᴜᴅ. Aᴅᴍɪɴ. 6.1(a)(1). Because this delay gives rise to a presumption of abandonment, we must determine whether Tesoro sufficiently explained the delay. *See In re Conner*, 458 S.W.3d at 534. We examine whether Tesoro has provided "good cause" for the delay, or stated otherwise, we look for a "reasonable explanation." *Id.* at 535.

As noted previously, Tesoro offers various explanations for the delay. Tesoro asserts that the alleged period of delay "encompassed the COVID-19 pandemic" which hindered the litigation of this case. Tesoro argues that the COVID-19 pandemic suspended civil jury trials for eighteen months, from March 2020 through September 2021, thereby "explaining a substantial portion of the delay." In addressing the effects of the COVID-19 pandemic in cases involving want of prosecution, the Fourteenth Court of

Appeals recently held that "a specific excuse can be a reasonable explanation for delay, like the cancellation of a trial setting because of the pandemic or missing a single notice sent to a law firm's office while the attorneys and staff were quarantining because of a [COVID]-19 exposure"; however, "citing generally the difficulties of working during the early days of the pandemic is not a reasonable explanation for months-long delay." *Folsom v. Folsom*, No. 01-22-00531-CV, 2024 WL 187443, at *6 (Tex. App.—Houston [1st Dist.] Jan. 18, 2024, no pet.) (mem. op.). In any event, this rationale could account for, at most, eighteen months of the delay.

Tesoro's remaining explanations for the delay are founded principally on its contention that Garza's "unclean hands" bar mandamus relief. The equitable doctrine of unclean hands may defeat the right to mandamus relief. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 552 n.2 (Tex. 1990) (orig. proceeding); *In re Trevino*, No. 13-24-00362-CV, 2024 WL 3533415, at *4 (Tex. App.—Corpus Christi–Edinburg July 24, 2024, orig. proceeding) (mem. op.); *In re D.D.*, 661 S.W.3d 608, 618 (Tex. App.—El Paso 2023, orig. proceeding); *In re Jim Walter Homes, Inc.*, 207 S.W.3d 888, 899 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). "The defense of unclean hands derives from the equitable principle that the party seeking equity must come into court with clean hands." *Cantu v. Guerra & Moore, LLP*, 549 S.W.3d 664, 671 (Tex. App.—San Antonio 2017, pet. denied); *see In re State ex rel. Newell*, 712 S.W.3d 963, 975 (Tex. App.—Austin 2025, orig. proceeding). "The doctrine is applied to one whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, or marked by a want of good faith, or one who has violated the principles of equity and righteous dealing." *Thomas v. McNair*, 882 S.W.2d 870, 880 (Tex. App.—Corpus Christi–Edinburg 1994, no

8

writ); *see In re State*, 712 S.W.3d at 975; *Wood v. Wiggins*, 650 S.W.3d 533, 556 (Tex. App.—Houston [1st Dist.] 2021, pet. denied). Whether to apply the doctrine of unclean hands is committed to the court's discretion. *Wood*, 650 S.W.3d at 556; *Reich & Binstock, LLP v. Scates*, 455 S.W.3d 178, 184 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). "The clean hands maxim should not be applied when the defendants have not been seriously harmed and the wrong complained of can be corrected without applying the doctrine." *In re Jim Walter Homes, Inc.*, 207 S.W.3d at 899; *see Wood*, 650 S.W.3d at 556; *Cantu*, 549 S.W.3d at 671.

First, Tesoro alleges that Garza "evaded service for approximately nine months after this case was filed." The record indicates that Tesoro filed suit on August 21, 2014, and citation was issued on September 9, 2014. On August 3, 2015, Tesoro filed a motion for substitute service, which the trial court thereafter granted. Garza and Beyamar filed their answer to the lawsuit on October 21, 2015. The process server attempted to serve Garza on October 20, 2014, at Beyamar; however, the process server explained that he did not serve Garza because the "entire two-story building is empty and vacant and out of business." The process server averred that he was unable to secure forwarding information for Garza from the United States Postal Service and was unable to locate information regarding her from the voter registration offices for Hidalgo County. Contrary to Tesoro's contentions, we do not perceive that the foregoing supports an inference that Garza evaded service or otherwise acted in bad faith. In any event, Tesoro's failure to secure service on Garza accounted for, at most, less than one year of the delay.

Second, Tesoro alleged that Garza complicated the litigation, thereby creating the delay in resolving the lawsuit. According to Tesoro, Garza caused her wholly owned

9

company, Bey, to file a petition in intervention which "significantly complicated the litigation by adding a new party, new claims, and inherent scheduling conflicts arising from the dual representation." Tesoro also alleges that Garza hired new counsel during the litigation and amended her pleadings. Tesoro does not support its argument with evidence regarding how Garza's actions contributed to the alleged delay, or the length of time attributed to these issues, and we view Garza's litigation actions as described herein as routine in nature.

Third, Tesoro argues that the parties' joint attempts to mediate the case resulted in "several additional months of delay," and Garza "cannot complain of delay that she herself agreed to pursue." Tesoro notes that Garza agreed to pass the hearing on her motion to dismiss the lawsuit for lack of prosecution to pursue mediation. However, settlement activity does not excuse "a want of diligent prosecution." *F.D.I.C. v. Kendrick*, 897 S.W.2d 476, 481 (Tex. App.—Amarillo 1995, no writ); *see In re Allstate Tex. Lloyd's*, No. 13-24-00395-CV, 2024 WL 3943455, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2024, orig. proceeding) (mem. op.) (stating that settlement activity does not excuse a lack of diligent prosecution); *In re Estate of Hormuth*, No. 04-16-00269-CV, 2017 WL 1683716, at *3 (Tex. App.—San Antonio May 3, 2017, pet. denied) (mem. op.) (same). Further, per Tesoro's own pleading, any such delay would only amount to several months in an eleven-year span.

Finally, Tesoro contends that Garza sought or otherwise agreed to multiple trial continuances, thus, she "shared responsibility" for the delay in the case. The record in this case reveals an overabundance of trial continuances: (1) "Joint Motion for Continuance" filed on September 21, 2018 based on the need for further discovery;

(2) "Agreed Motion for Continuance" filed on February 22, 2019 based on the need for further discovery; (3) "Agreed Motion for Continuance" filed on January 10, 2020 based on the need for further discovery; (4) "Plaintiff's Motion to Reset Trial Date" filed on April 22, 2021 based on the COVID-19 pandemic; (5) "Defendants' and Intervenor's Unopposed Motion for Continuance" filed on April 26, 2022 based on counsel's unavailability for trial; (6) "Agreed Motion for Continuance" filed on February 22, 2023 based on a wedding for one of Tesoro's principals; (7) "Agreed Motion for Continuance" filed on September 15, 2023 based on a family event for one of Tesoro's counsel; and (8) "Agreed Motion for Continuance" filed on April 26, 2024 based on the parties' scheduled mediation of the case.

We agree that the number of continuances in this case is troubling. However, Tesoro's contention fails to recognize that "it is the plaintiff who has the duty to prosecute its lawsuit to a conclusion with 'reasonable diligence,' not the defendant." *In re Bordelon*, 578 S.W.3d at 202 (cleaned up) (quoting *Tex. Wrecker Serv. v. Resendez*, No. 13-16-00515-CV, 2017 WL 711642, at *7 (Tex. App.—Corpus Christi–Edinburg Feb. 23, 2017, orig. proceeding) (mem. op.)). Stated otherwise, Garza's participation in the case, or lack thereof, "has no bearing" on whether Tesoro diligently prosecuted its case. *In re Bordelon*, 578 S.W.3d at 202; *see also F.D.I.C.*, 897 S.W.2d at 481 (stating that "the passive attitude of opposing parties" does not excuse the failure to diligently prosecute a case).

Considering the foregoing arguments, we disagree with Tesoro's contention that Garza has unclean hands that bar mandamus relief. In short, the record does not indicate that Garza's conduct was unconscientious, unjust, or marked by a want of good faith. *See In re D.D.*, 661 S.W.3d at 618; *Wood*, 650 S.W.3d at 556; *Thomas*, 882 S.W.2d at 880.

11

We conclude that Tesoro has failed to meet its burden to explain the delay in prosecuting its case. Overall, even if we take as true Tesoro's contentions regarding delay, Tesoro's explanations do not encompass the entire period of delay. In this regard, Tesoro argues that the case was delayed for approximately one year from 2014 to 2015 due to the problems it encountered in obtaining service; for eighteen months from March 2020 to September 2021 due to the COVID-19 pandemic; and for six years from September 21, 2018, until April 26, 2024, due to motions for continuance and mediation efforts. Tesoro offers no explanation for the delay in prosecuting the case for the five-year period from 2015 until 2020.

Examining the case in its entirety, we note that most actions taken in the case by Tesoro occurred after, and presumably in response to, dismissal proceedings instituted by the trial court or the motion to dismiss filed by Garza. "Actions taken after a motion to dismiss is filed, including the obtaining of a trial setting or filing of a jury demand, do not enter into the analysis of whether diligence has been exercised." *In re Bordelon*, 578 S.W.3d at 202; *see Cotten v. Briley*, 517 S.W.3d 177, 184 (Tex. App.—Texarkana 2017, no pet.). Further, although the record indicates that Tesoro occasionally engaged in brief periods of activity on the case, the record also indicates that there are several extensive periods of inaction. Sporadic diligence is not sufficient to explain an extended delay in prosecuting a case. *See In re Bordelon*, 578 S.W.3d at 201; *Nichols v. Sedalco Constr. Servs.*, 228 S.W.3d 341, 343 (Tex. App.—Waco 2007, pet. denied).

Tesoro's proffered reasons for the delay do not offer a reasonable explanation or otherwise establish good cause for the eleven-year delay in resolving the lawsuit. Accordingly, we conclude that it failed to prosecute its lawsuit against Garza to a

12

conclusion with reasonable diligence, and the trial court abused its discretion by refusing to grant Garza's motion to dismiss for want of prosecution. *See In re Conner*, 458 S.W.3d at 534. We similarly conclude that Garza lacks an adequate remedy by appeal. *See id.* The lease at issue in this lawsuit was signed on October 10, 2007, and litigation ensued in 2014. This excessive delay in resolving the case necessarily results in "stale" evidence and witnesses' faded recollections. To require Garza to proceed to trial almost twenty years after the contract was entered and eleven years after litigation ensued, and then to be forced to go through the effort and expense of a direct appeal amounts to an untimely, inadequate, and unfair remedy. *See id.* We sustain the sole issue presented in this original proceeding.

## V.   CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the responses filed by Bey and Tesoro, Garza's reply, and the applicable law, is of the opinion that Garza has met her burden to obtain mandamus relief. Accordingly, we conditionally grant the petition for writ of mandamus, and we direct the trial court to vacate its December 11, 2025 order denying Garza's motion to dismiss and to enter an order granting that motion. We trust that the trial court will promptly comply, and our writ will issue only if it fails to do so.

JENNY CRON
Justice

Delivered and filed on the
29th day of January, 2026.

13