Opinion by Justice Moseley
On April 5, 2018, Relator Sally Crawford filed a petition for writ of mandamus seeking to compel the presiding judge of the 62nd Judicial District Court of Hopkins County to dismiss, for want of prosecution, a suit for damages against her arising out of a motor vehicle collision. For the reasons below, we conditionally grant Crawford's petition for writ of mandamus.
I. Background
A. Case Originally Filed in the County Court at Law of Hopkins County
This case has had a long and tortured past, beginning with an automobile collision alleged to have occurred on July 21, 2003, between vehicles driven by Teresa Rae Turner and Crawford. A lawsuit over the collision was filed July 14, 2005, in the County Court at Law of Hopkins County by Turner against Crawford wherein Turner alleged that Crawford's negligent driving had been the cause of the collision. In that lawsuit, Turner maintained that as a result of Crawford's negligence, she suffered, among other things, physical injuries and mental anguish. Turner requested disclosure of material information and also asked for a jury trial. On September 14, 2005, Crawford filed a general denial, along with a claim for "contributory/comparative negligence/responsible third party." Crawford also requested disclosure of material information and asked for a jury trial. On November 11, 2005, Turner filed her responses to Crawford's requests for disclosure.
On February 14, 2006, Turner filed a notice to multiple medical providers of her intention to take depositions by written questions. On February 1, 2012, and February 28, 2006, Turner gave her oral, video-recorded *360 deposition. In March 2006, Turner's lawsuit against Crawford was set on the county court at law's dismissal docket. At that time, Turner's case had been pending for approximately 253 days.
On July 12, 2006, Teresa D. Kowalczyk, M.D., gave her oral, audio/video-recorded deposition.
On March 1, 2007, the parties filed an "unopposed motion for entry of agreed order setting schedule" in the County Court at Law of Hopkins County. In the motion, the parties stated,
As this case involves complex injuries, which the Plaintiff sustained during the automobile accident. [sic] Plaintiff is still obtaining medical treatment. Plaintiff and Defendant anticipate that it will take several months to treat the patient and coordinate the retrieval of medical records and associated bills. As such, Plaintiff anticipates that this matter should be ready for trial by November 19, 2007, the date set by the Court. Further, the date set by the Court for trial is a jury date. Accordingly, Plaintiff[ ] move[s] that the Court enter a level 3 discovery control plan and reset this matter for jury trial on November 19, 2007....
Four days later, the trial court entered an agreed scheduling order, which included a trial setting of November 19, 2007. On September 10, 2007, Turner provided Crawford with her first set of requests for production, first set of requests for admissions, first set of interrogatories, and a request for withholding statement. On October 10, 2007, Crawford provided Turner with her answers and responses to Turner's discovery requests. On October 11, 2007, Timothy J. Cardile, D.C., and Annette Horne, D.O., gave their oral, audio/video-recorded depositions. On November 6, 2007, the parties filed an agreed motion for continuance asking for a new trial date of February 5, 2008, explaining, "The parties need time to continue to conduct settlement discussions and possible mediation, as ordered by this court's scheduling order." On November 16, 2007, the trial court granted the parties' request.
The record reflects that mediation had been set for July 9, 2008, but Turner informed Crawford by letter dated July 7, 2008, that she desired to cancel the mediation. On January 12, 2009, Turner's counsel sent a letter to Turner. That letter contained the following:
This is my second attempt to contact you[.] It is imperative that you contact my office.
....
At this time, there are circumstances that make it difficult for me to represent you to the best of my abilities. For one, I have tried to settle this case numerous times, however all offers that were made by opposing counsel you regarded as an insult. I understand and I can agree, however, with the suit being filed two (2) years after the original incident, and no substantial medical evidence I can use under the rules to prove that the accident was a direct cause of your injuries, settlement was your best option for any recovery.
....
That being said, this case has run far beyond a normal time frame for an auto accident case, and has taken hours of work, time, and expenses. It seems that the case has dragged on with no foreseeable end due to trying to find what the primary cause of your physical ailments are. In addtion [sic], you have informed me that you do not wish to take this matter to trial. Without those two components I do not have the ability to win under [sic] in your eyes. The Court will not allow this matter to continue as it has and I am surprised it has gone this *361 long without a complaint from the other side or the Court. So much time has passed that the right to additional discovery is over unless the Court sees that it is necessary to allow additional discovery.
....
I request your permission to withdraw from this case or leave of the court after a hearing.
In April 2009, Turner's counsel filed a motion to withdraw, stating that good cause existed for withdrawal due to a conflict with Turner. Crawford indicated that she had no objection to the motion, which was granted April 9, 2009. On July 16, 2009, Crawford filed a no-evidence motion for summary judgment, arguing that there was no evidence (1) that she was either negligent or that she was the proximate cause of the collision, (2) that Turner suffered any physical injury as a result of the accident, or (3) that Crawford's negligence was the proximate cause of monetary damages to Turner.
On September 11, 2009, Turner filed a motion for continuance, along with a sworn affidavit from her new attorney, stating that he had only recently been contacted by Turner and that the time to file a response to Crawford's no-evidence motion for summary judgment had passed. He stated, "My brief review of this extensive case file indicates there may be some additional discovery to complete, so I would need additional time to secure depositions and discovery in order to adequately represent Mrs. Turner." In addition, Turner filed a sworn affidavit stating,
I received first notice of a hearing on Defendant's No Evidence Summary Judgment Motion on August 18, 2009. It was not until Thursday, August 20, 2009 while trying to contact my attorney, Ray Nichols, that I discovered that he no longer represents me in this matter. I have since learned that Mr. Nichols was allowed to withdraw on April 9, 2009. Previous to August 20, 2009 I have received no notice by mail or telephone that Mr. Nichols had withdrawn in this matter.
On December 7, 2011 (over two years later), the County Court at Law of Hopkins County sent Turner a letter stating that it had denied Crawford's no-evidence motion for summary judgment and that it was ordering the parties to participate in mediation prior to the trial date of March 19, 2012.
On February 20, 2012, Turner provided Crawford with billing-records affidavits from thirty-two healthcare providers. On March 5, 2012, Turner provided her with medical-records affidavits from twenty health care providers. On April 10, 2012, the audio/video-recorded deposition of Daniel B. Strader, D.D.S., took place. In July 2012, the County Court at Law of Hopkins County entered an order granting Turner's motion for continuance, finding that "due to questions arising as to amount in controversy" and issues relating to the court's jurisdiction, the case should be continued to August 23, 2012. On August 16, 2012, the court sent the parties a letter explaining that the case had been reset for September 24, 2012.
Three years later, on September 21, 2015, the court entered an order stating, "On 9/24/2012, the court considered the Motion to Dismiss for Lack of Jurisdiction filed by [Crawford],"[1] along with "the evidence of claimed monetary damages alleged by [Turner]." It then ordered "that *362 this lawsuit be dismissed, without prejudice, for lack of jurisdiction."[2]
On October 16, 2015, Turner filed a motion for new trial asking the court to vacate its order dismissing for lack of jurisdiction and stating, "Plaintiff's counsel has not found any Motion to Dismiss in Plaintiff's files or in the Court's files. Counsel does recall discussing with Defense Counsel and this Honorable Court the possibility that the damages exceed $100,000." On October 22, 2015, the trial court entered an order explaining that "by agreement of the parties," the court had conducted a telephone hearing on October 20, 2015, and that it was denying Turner's motion for new trial.
B. Case Filed in District Court
According to Crawford, on November 19, 2015, Turner re-filed her lawsuit in the 62nd Judicial District Court of Hopkins County, alleging damages as a result of the July 21, 2003, vehicular collision.[3] About ten months later, Crawford filed a motion for summary judgment and a no-evidence motion for summary judgment arguing, among other things, that Turner's lawsuit was barred by the two-year statute of limitations, the doctrine of laches, and the doctrines of judicial estoppel and res judicata. On October 20, 2017, the trial court granted Crawford's unopposed motion to withdraw and to substitute counsel.
On February 6, 2018, Crawford filed an amended motion for summary judgment arguing the affirmative defense of statute of limitations.[4] On that same date, Crawford *363 filed a motion to dismiss pursuant to Rule 165a of the Texas Rules of Civil Procedure. On March 2, 2018, and after a hearing on Crawford's amended motion for summary judgment and her motion to dismiss, the trial court denied both motions.
On April 5, 2018, Crawford filed her petition for writ of mandamus, maintaining that the trial court's denial of her motion to dismiss "was in direct contravention of Texas law." Crawford asks this Court to order the trial court to grant her motion to dismiss and to dismiss Turner's claims with prejudice.
II. Mandamus Standard of Review
To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana , 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief. Walker v. Packer , 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); In re Pilgrim's Pride Corp. , 187 S.W.3d 197, 198-99 (Tex. App.-Texarkana 2006, orig. proceeding) ; see TEX. R. APP. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. In re Villarreal , 96 S.W.3d 708, 710 (Tex. App.-Amarillo 2003, orig. proceeding) ; see also In re Blakeney , 254 S.W.3d 659, 662 (Tex. App.-Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").
In addition to showing that the trial court had no option but to have performed the act urged by the relator, the relator must also have no adequate remedy at law. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." In re Prudential Ins. Co. of Am. , 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). "When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." Id. The Texas Supreme Court described this balancing as "practical and prudential." Id. While the Texas Supreme Court has "tried to give more concrete direction for determining the availability of mandamus review, rigid rules are necessarily inconsistent with the flexibility that is the remedy's principal virtue." Id. The Texas Supreme Court reaffirmed the rule that "an appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraneous writ." Id. (quoting Walker , 827 S.W.2d at 842 ).
Absent an extraordinary circumstance, "a denial of a motion to dismiss or a plea in abatement is a ruling incident to the ordinary trial process which will not be corrected by mandamus, but by the legal remedy of the ordinary appellate process." Hooks v. Fourth Court of Appeals , 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding). "Mandamus review is not-and should not be-an easily wielded tool, but such review of significant rulings in exceptional cases may be essential to, among *364 other things, 'spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.' " In re J.B. Hunt Transp., Inc. , 492 S.W.3d 287, 299 (Tex. 2016) (orig. proceeding) (quoting Prudential Ins. Co. of Am. , 148 S.W.3d at 136 ).
In balancing the benefits versus the detriments in a mandamus request, "we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss." In re Team Rocket, L.P. , 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "[O]n rare occasions an appellate remedy, generally adequate, may become inadequate because the circumstances are exceptional." In re Masonite Corp. , 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding).
III. Discussion
Crawford relied upon Rule 165a as the basis for her motion to dismiss Turner's suit. See TEX. R. CIV. P. 165a(2). A trial court may dismiss a suit for want of prosecution either under its inherent power or pursuant to Rule 165a of the Texas Rules of Civil Procedure. In re Conner , 458 S.W.3d 532, 534 (Tex. 2015) (per curiam) (orig. proceeding) (citing Villarreal v. San Antonio Truck & Equip. , 994 S.W.2d 628, 630 (Tex. 1999) ). Under Rule 165a, the trial court may dismiss a suit for either (1) the failure of a party seeking relief to appear at a hearing or trial, or (2) when the case is "not disposed of within the time standards promulgated by the Supreme Court" under its Administrative Rules. Id. (quoting TEX. R. CIV. P. 165a(2) ). "Trial courts are generally granted considerable discretion when it comes to managing their dockets. Such discretion, however, is not absolute." Conner , 458 S.W.3d at 534.
Under both Rule 165a and the trial court's inherent power, a conclusive presumption of abandonment of a plaintiff's suit is raised when there is a delay in prosecuting the suit of an unreasonable duration, unless sufficiently explained. Id. Consequently, the party opposing the dismissal has the burden to produce evidence at the hearing showing good cause for its delay in prosecuting the case. Historic Lufkin Manor, LLC v. Great Cent. Mortg. Acceptance Co. , No. 12-12-00105-CV, 2013 WL 3270884, at *1 (Tex. App.-Tyler June 25, 2013, no pet.) (mem. op.) (citing Tex. Mut. Ins. Co. v. Olivas , 323 S.W.3d 266, 274 (Tex. App.-El Paso 2010, no pet.) ). "Absent any reasonable explanation for the delay, the trial court clearly abuse[s] its discretion by disregarding the conclusive presumption of abandonment." Conner , 458 S.W.3d at 535"A trial court abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' or if it clearly fails to correctly analyze or apply the law." In re Cerberus Capital Mgmt., L.P. , 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (quoting Walker , 827 S.W.2d at 839-40 ).
Crawford contends that the trial court abused its discretion when it denied her motion to dismiss, arguing that the delay in this case has the potential to dim witnesses' memories and cost the parties time and money and that it "will result in the unnecessary trial of a matter that will be reversed and dismissed on appeal...." In response, Turner emphasizes that the language of Rule 165a is discretionary, not mandatory, and that it was within the trial court's discretion to deny Crawford's motion to dismiss. Turner also maintains that Crawford attached to the appellate record only the documents she wanted this Court to review and, therefore, the record before *365 us is not complete.[5]
The record shows that Turner initially filed her lawsuit in the county court at law approximately thirteen years ago and then re-filed it in district court approximately two and one-half years ago. Rule 6.1 of the Texas Rules of Judicial Administration requires,
District and statutory county court judges of the county in which cases are filed should, so far as reasonably possible, ensure that all cases are brought to trial or final disposition in conformity with the following time standards:
(a) Civil Jury Cases Other Than Family Law.
(1) Civil Jury Cases. Within 18 months from appearance date.
(2) Civil Nonjury Cases. Within 12 months from appearance date.
TEX. R. JUD. ADMIN. 6.1(a). Thus, under either of the filing dates, Turner's case has been pending well in excess of the stated timelines. "Absent any reasonable explanation for the delay, the trial court clearly abuse[s] its discretion by disregarding the conclusive presumption of abandonment."[6] Conner , 458 S.W.3d at 535. In this case, the trial court did not make findings as to Turner's "reasonable explanation for the delay," and this Court is unable to find one in the record. Thus, Turner failed to meet her burden of producing evidence at the hearing showing good cause for its delay in prosecuting the case.
Notably, the Texas Supreme Court has explained,
Mandamus will issue to correct such an abuse of discretion when there is no adequate remedy by appeal. A trial court's erroneous refusal to dismiss a case for want of prosecution cannot effectively be challenged on appeal. A defendant should not be required to incur the delay and expense of appeal to complain of delay in the trial court. To deny mandamus relief permits the very delay dismissal is intended to prevent. In addition, the danger that a trial will be hampered by stale evidence and lost or clouded memories is particularly distinct after the delay of this case.
Id. At the hearing on Crawford's motion to dismiss, the trial court explained its reason for denying Crawford's motion, stating,
And the problem I have is I don't know any of the history before it got filed here. I don't know what happened, why it wasn't heard. Because if it was in my Court, I would grant it immediately. It already should-if it had been in my Court the last 15 years, I would grant your motion. It wouldn't have ever gotten this far.
Although the trial court explained that the case had been pending in its court for less than three years, Turner's more recent *366 filing in 2015 does nothing to negate the fact that the incident at issue occurred nearly fifteen years ago in 2003.[7] A delay of fifteen years necessarily results in "stale" evidence and witnesses' faded recollections. This is especially so when, as here, the lawsuit contains a claim against Crawford for negligence stemming from an automobile accident, which allegedly resulted in injuries to Turner that are now fifteen years in the making.
The record shows that Crawford has been unfairly subjected to undue expense and delay as a result of Turner's failure to prosecute her lawsuit within a reasonable time period. Moreover, Crawford will be subjected to future undue expense and potential delay due to the trial court's denial of her motion to dismiss. Importantly, Turner has provided no explanation as to the fifteen-year delay nor has she provided any explanation as to why her lawsuit lay dormant for three years after it was filed in district court. To require Crawford to proceed to trial fifteen years after the alleged incident took place, and then to be forced to go through the effort and expense of a direct appeal amounts to an untimely, inadequate, and unfair remedy. Consequently, we find that the trial court abused its discretion when it denied Crawford's motion to dismiss for want of prosecution. "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." Walker , 827 S.W.2d at 840.
For these reasons, we conditionally grant Crawford's petition for writ of mandamus.
IV. Conclusion
We conditionally grant Crawford's petition for writ of mandamus. We direct the trial court to vacate its order denying Crawford's motion to dismiss and to dismiss this suit, without prejudice, for want of prosecution.[8] We are confident that the trial court will comply, and the writ will issue only in the event the trial court fails to do so.

Although there exists an order dismissing the case, we find no motion to dismiss for lack of jurisdiction in the appellate record.

Oddly, the clerk's "filed" mark shows that the order was filed on September 17, 2015, which was four days before the court signed the order.

Although the record contains a pleading entitled "Plaintiff's Original Petition and Request for Disclosure," the date of the file stamp is not visible; however, the file stamp is clearly that of the Hopkins County District Clerk. Turner maintained that pursuant to Section 16.064 of the Texas Civil Practice and Remedies Code, the statute of limitations on her cause of action had been tolled.

By way of background only, when Turner filed her petition in district court on November 19, 2015, she argued that the statute of limitations had tolled the period between July 14, 2005, and November 19, 2015, because (1) the county court at law had dismissed her petition for lack of jurisdiction, and (2) she had refiled her suit in district court within sixty days of its dismissal from the county court at law. See Tex. Civ. Prac. & Rem. Code Ann. § 16.064 (West 2015). Section 16.064 states,
(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
(2) not later than the 60th day after the date of the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.
Id.
In her amended motion for summary judgment, Crawford argued that, contrary to Turner's assertion, the limitations period on her cause of action had not been tolled. Crawford maintained that Section "16.064 only protects a party if they mistakenly filed in the wrong forum, it does not protect someone who intentionally disregarded the court's jurisdiction." See In re United Servs. Auto. Ass'n , 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding). Crawford went on to argue that the substance of Turner's county court at law petition, her Stowers demand, her subsequent oral offer, and the order dismissing the case from the county court at law showed that Turner was fully aware that her damages exceeded the county court at law's jurisdictional limit. According to Crawford, Turner filed her suit in the county court at law because she believed it would be more favorable to her. Crawford argued that because Turner made a strategic decision to seek relief in a court that lacked jurisdiction, Section 16.064 was inapplicable and the statute of limitations on her suit had expired. The trial court found that the statute of limitations had been tolled and denied Crawford's amended motion for summary judgment.

Turner states, "Since the case was filed in the 62nd Judicial District Court, both instances where a party was requesting additional time was at the request of Relator or her attorney." Turner provided us with one document, which was the trial court's March 14, 2018, "Order on Defendant's Motion for Continuance," granting Crawford's request and continuing the trial setting from April 17, 2018, to August 20, 2018.

In Conner , plaintiffs' failure to provide good cause for their nearly-decade long delay in prosecuting their case for damages against a truck driver and his employer arising out of a collision between the truck and the plaintiffs' van mandated a dismissal of the lawsuit. See also Veterans' Land Bd. v. Williams , 543 S.W.2d 89, 90 (Tex. 1976) (per curiam) (finding a seven-and-one-half year delay as failing to satisfy the demands of reasonable diligence); Denton Cnty. v. Brammer , 361 S.W.2d 198, 200 (Tex. 1962) (same result for five-year delay); Bevil v. Johnson , 157 Tex. 621, 307 S.W.2d 85, 88 (1957) (same result for a delay of eight years).

Moreover, the record presented to this Court shows that Turner's case remained inactive for three years after she refiled it in district court.

A trial court's dismissal of a case due to a party's failure to appear at trial or for want of prosecution should be without prejudice. See Att'y Gen. of Tex. ex. rel Wash. v. Rideaux , 838 S.W.2d 340, 341-42 (Tex. App.-Houston [1st Dist.] 1992, no writ) ("[A] trial court's authority to dismiss cases for want of prosecution does not confer upon it the authority to adjudicate and deny the merits of the dismissed claim.").