

# NUMBER 13-24-00395-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ALLSTATE TEXAS LLOYD'S AND JAMES STABLER

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Peña**

By petition for writ of mandamus, relators Allstate Texas Lloyd's and James Stabler contend that the trial court[1] abused its discretion by refusing to dismiss the underlying insurance coverage dispute for want of prosecution. We conditionally grant the petition for writ of mandamus.

---

[1] This original proceeding arises from trial court cause number CL-17-2829-B in the County Court at Law No. 2 of Hidalgo County, Texas, and the respondent is the Honorable Jaime Palacios. *See* TEX. R. APP. P. 52.2.

## I. BACKGROUND

On July 13, 2017, real parties in interest Julio and Rachel de la Garza filed suit against relators for denying or underpaying their claim for property damages sustained to their home as a result of a 2015 storm. The de la Garzas alleged that Stabler was the adjuster on the claim, and they asserted various causes of action including breach of contract, violations of the insurance code, deceptive trade practices, and bad faith. The de la Garzas further requested relators to provide responses to requests for disclosure as required by Texas Rule of Civil Procedure 194. *See* TEX. R. CIV. P. 194.1–.6 (delineating the required disclosures in suits that are not governed by the family code).

On August 10, 2017, relators filed their original answer to the de la Garzas' lawsuit. On September 8, 2017, relators filed a verified plea in abatement on grounds that the de la Garzas failed to provide the required statutory notice of suit under either the insurance code or the deceptive trade practices act. *See* TEX. INS. CODE ANN. §§ 541.154 (requiring a party seeking damages under the insurance code to provide written notice including specific information prior to filing suit); *id.* § 541.155 (imposing an automatic abatement when statutory notice is not provided); TEX. BUS. & COM. CODE ANN. § 17.505(a) (requiring a consumer to provide written notice before filing suit).

On May 3, 2019, relators filed a motion to dismiss the case for want of prosecution on grounds that the de la Garzas had not instituted any activity in the case since 2017. Relators alleged that the de la Garzas had not taken any action to lift the abatement by filing a controverting affidavit regarding their alleged failure to give notice, or by providing the required notice, and had otherwise taken no steps to prosecute the case. *See* TEX.

INS. CODE ANN. § 541.155 (allowing a party opposing abatement to file a controverting affidavit). Relators noted that they had responded to the requests for disclosure included in the de la Garzas' original petition by objecting on grounds that the requests were premature due to the de la Garzas' failure to provide notice and the consequent automatic abatement of the suit. Relators further alleged that their counsel had emailed the de la Garzas' counsel twice in February 2019 to discuss the lawsuit but received no response.

On June 17, 2019, the trial court held a hearing on relators' motion to dismiss for want of prosecution. The record does not contain a transcript of this hearing or a written ruling on relators' motion to dismiss, but the case was not dismissed. Relators assert that, at this hearing, the trial court ordered the de la Garzas to provide relators with the requisite statutory notice by July 1, 2019, and the de la Garzas did so on July 3, 2019.

On January 31, 2020, the de la Garzas filed a motion to mediate the case. On February 7, 2020, the trial court granted their motion and ordered the parties to mediate the case within sixty days.

Thereafter, relators noticed the de la Garzas' depositions. On February 26, 2020, the de la Garzas filed a motion to quash the depositions on grounds that relators had set the depositions unilaterally, without conferring, and had set the depositions to occur in San Antonio, whereas the lawsuit had been filed in Hidalgo County where the de la Garzas resided. *See* TEX. R. CIV. P. 199.4 (governing objections to the time and place of oral depositions).

On December 11, 2023, the trial court set the case for hearing on its dismissal docket; however, no notice of this hearing was provided to the parties. Nevertheless, that

3

same day, the de la Garzas filed a verified motion to retain the case on the docket. They asserted that they "desire[d] to pursue this cause of action and disposition of this cause of action will occur within a reasonable length of time," that there was good cause to retain the case, and that they "believe[d] this matter can be resolved through mediation."

On March 4, 2024, the trial court again set the case for hearing on its dismissal docket; however, no notice of the hearing was provided to the parties, and the hearing was reset.

On March 22, 2024, relators filed their second motion to dismiss the case for want of prosecution. They asserted that the de la Garzas had "taken no action to prepare this case for trial for [three] more years" since the first dismissal hearing in 2019 and had taken no action to prosecute the case since that date other than to move for mediation and to quash their depositions.

On April 24, 2024, the parties mediated the case; however, mediation was unsuccessful.

On April 25, 2024, the de la Garzas filed a second motion requesting the trial court to retain the case on its docket. They asserted, in relevant part, that they had requested relators to amend their discovery responses and supplement their document production, but relators failed to comply. The de la Garzas stated that the mediation of the case was originally set for April 2020, but was canceled as a result of the COVID-19 pandemic; however, the parties mediated this matter on April 24, 2024, "and negotiations are ongoing." The de la Garzas asserted that they had actively litigated the case by setting relators' objections to discovery for hearing, requesting the trial court to set a trial date,

4

and preparing for a jury trial.

On April 26, 2024, relators filed a response to the de la Garzas' second motion to retain.[2] Relators asserted that:

> Aside from filing their lawsuit in 2017 and propounding initial discovery, the only action [the de la Garzas] have taken to prosecute their case has been filing a motion to mediate on January 31, 2020, filing a Motion to Retain on December 11, 2023, and engaging in unsuccessful mediation on April 24, 2024. [The de la Garzas have] provided no excuse—much less a reasonable excuse for delay for any of the time periods this case has been pending.

Relators contended that the de la Garzas had the burden to produce evidence showing good cause for the delay and that they failed to do so. They contended that the de la Garzas did not request a trial setting until *after* relators filed their second motion to dismiss and that the de la Garzas were "attempting to set a hearing on [relators'] discovery objections (served four years ago) without even filing a motion to compel." On April 29, 2024, relators filed a supplement to their second motion to dismiss including the standing orders from the Texas Supreme Court and Hidalgo County regarding COVID-19 precautions. *See First Emergency Order Regarding COVID-19 State of Disaster*, 596 S.W.3d 265 (Tex. 2020); HIDALGO CNTY. (TEX.), *Hidalgo County COVID-19 Minimum Standard Health Protocols for Court Proceedings* (June 10, 2021).

On April 29, 2024, the trial court held a non-evidentiary hearing on relators' second motion to dismiss and the de la Garzas' second motion to retain. After hearing from counsel that the case had been mediated the previous week, the trial court concluded

---

[2] Relators' response is titled: "Defendants' Response to Plaintiffs' Verified Motion to Retain Case on Docket." However, the version of the motion to retain in the record is not verified. We assume for purposes of this original proceeding that the de la Garzas' second motion to retain was verified.

that there was "movement on the case" and verbally denied relators' second motion to dismiss. The court informed the parties that it was "going to get this case going," and either the case would proceed to trial, or the parties would settle. The trial court set a docket control conference to occur the following week.

On May 1, 2024, the trial court signed an order which granted the de la Garzas' second motion to retain the case and denied relators' second motion to dismiss the case for want of prosecution. This original proceeding ensued. We requested and received a response to the petition for writ of mandamus from the de la Garzas who assert that the trial court's decision to retain the case on the docket was not arbitrary or unreasonable.

## II.    MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

The trial court abuses its discretion if it reaches a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 839) (cleaned up); *see In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex.

2017) (orig. proceeding). The trial court has no discretion in determining what the law is or in applying the law to the facts. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 835 (Tex. 2024) (orig. proceeding); *In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023) (orig. proceeding) (per curiam). When determining if the trial court clearly abused its discretion, an appellate court may not substitute its judgment for the trial court's determination of factual or other matters committed to the trial court's discretion, even if the appellate court would have decided the issue differently. *In re State Farm Lloyds*, 520 S.W.3d at 604; *Walker*, S.W.2d at 839.

In accordance with these principles, mandamus relief is appropriate when a trial court abuses its discretion in failing to dismiss a case for want of prosecution. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam); *In re Bordelon*, 578 S.W.3d 197, 200 (Tex. App.—Tyler 2019, orig. proceeding); *In re Crawford*, 560 S.W.3d 357, 363 (Tex. App.—Texarkana 2018, orig. proceeding). Further, an "erroneous refusal to dismiss a case for want of prosecution cannot effectively be challenged on appeal." *In re Conner*, 458 S.W.3d at 535. Such a delay cannot effectively be remedied by appeal because an appellate remedy would "permit[] the very delay dismissal is intended to prevent." *Id.* And, in such circumstances, a trial of the case would be "hampered by stale evidence and lost or clouded memories." *Id.*

### III.    DISMISSALS FOR WANT OF PROSECUTION

The plaintiff has a duty to prosecute its lawsuit to a conclusion with reasonable diligence, and if that duty is not fulfilled, the trial court may dismiss the case for want of prosecution. *In re Conner*, 458 S.W.3d at 534; *Callahan v. Staples*, 161 S.W.2d 489, 491

(Tex. 1942); *In re Bordelon*, 578 S.W.3d at 201. "[A] delay of an unreasonable duration . . . if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit." *In re Conner*, 458 S.W.3d at 534 (quoting *Callahan*, 161 S.W.2d at 491); *see In re Bordelon*, 578 S.W.3d at 201. This conclusive presumption justifies the dismissal of a suit under either the trial court's inherent authority or under the auspices of Rule 165a of the Texas Rules of Civil Procedure. *In re Conner*, 458 S.W.3d at 534; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

As relevant here, Rule 165a provides that a case may be dismissed if it is "not disposed of within the time standards promulgated by the Supreme Court under its Administrative Rules." TEX. R. CIV. P. 165a(2). The Texas Rules of Judicial Administration require district and statutory county courts to ensure, "so far as reasonably possible," that civil cases in which a jury has been demanded, other than those arising under the Family Code, are brought to trial or final disposition within eighteen months of the appearance date. TEX. R. JUD. ADMIN. 6.1(a)(1). Trial courts possess "considerable discretion" when managing their dockets; however, such discretion is not absolute. *In re Conner*, 458 S.W.3d at 534; *see In re Crawford*, 560 S.W.3d at 364. A "trial court abuses its discretion by refusing to grant a motion to dismiss for want of prosecution in the face of unmitigated and unexplained delay." *In re Conner*, 458 S.W.3d at 534.

### IV.  ANALYSIS

The de la Garzas filed their original petition against relators on July 13, 2017; thus, their lawsuit has been pending more than seven years. This period far exceeds the eighteen-month time frame for disposition of the case as set forth in the administrative

8

rules. *See* TEX. R. JUD. ADMIN. 6.1(a)(1). Because this delay gives rise to a presumption of abandonment, we must determine whether the de la Garzas sufficiently explained the delay. *See In re Conner*, 458 S.W.3d at 534. We examine whether the de la Garzas have provided "good cause" for the delay, or stated otherwise, we look for a "reasonable explanation." *In re Conner*, 458 S.W.3d at 535.

In their response to the petition for writ of mandamus, the de la Garzas assert that the trial court did not abuse its discretion by retaining the case on its docket because:

> [The de la Garzas] have prosecuted this case by: (1) propounding and responding to written discovery; (2) moving to compel mediation prior to COVID-19; (3) conferring on three separate occasions with [relators] regarding [their] deficient discovery responses and requesting depositions of [relators'] desk adjuster, field adjuster, and corporate representative; (4) informally negotiating the claim from December 2023 to January 2024; (5) attending mediation in April 2024; (6) requesting the court set a hearing on [relators'] discovery objections on April 25, 2024; (7) requesting a trial date in April 2024; and (8) attending a Telephonic Docket Control Conference on May 1, 2024.

The de la Garzas assert that "the case is set for trial in less than six months and, considering the circumstances, [they] have been reasonably active pursuing this case." In terms of the surrounding circumstances, the de la Garzas assert generally that the COVID-19 pandemic affected their ability to prosecute the case and that the de la Garzas have personally suffered ill health. In this regard, the de la Garzas point to the emergency orders issued by the Texas Supreme Court and Hidalgo County regarding the pandemic, asserting that the first supreme court order allowing all courts to suspend "any and all deadlines" was issued on March 13, 2020, and its final order regarding the pandemic expired on March 1, 2023. The de la Garzas note that, *inter alia*, jury trials were canceled in Hidalgo County from the beginning of the pandemic in March 2020 until October 25,

9

2021.

Counsel for the de la Garzas did not argue in the trial court that either the pandemic or their clients' ill health hampered or delayed their efforts to litigate the case, so we do not consider those arguments here. *In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding) (per curiam); *In re East*, 476 S.W.3d 61, 67 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Advance Payroll Funding, Ltd.*, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, orig. proceeding). We likewise do not consider those parts of the record which were not before the trial court when its decision was made, such as the affidavit provided by the de la Garza's counsel regarding their health. *See In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding).

We examine the de la Garzas' assertions regarding their diligence and the alleged delay that were presented in the trial court. As stated previously, the de la Garzas filed two motions to retain the case on the docket. The first, filed on December 11, 2023, merely stated that the de la Garzas wished to pursue the case, that the case would be disposed within a reasonable length of time, and that they believed that the matter could be resolved through mediation. The second, filed on April 25, 2024, again advised that the de la Garzas wished to pursue the case, and the case would be disposed within a reasonable length of time. The de la Garzas further asserted that they had "taken affirmative steps to secure the final disposition of their case by propounding discovery and participating in mediation." They alleged that relators had not properly responded to their discovery requests and that they had "endeavored to resolve their discovery dispute regarding [relators'] improper discovery objections, insufficient responses, and deficient

document production," yet relators had failed to timely supplement their discovery responses. The de la Garzas advised that they had "set [relators'] objections for hearing," filed an order setting a hearing on relators' discovery objections, "requested the Court [to] set this matter for a jury trial," and were "preparing this matter for a jury trial." The de la Garzas did not expand on these rationales at the trial court's last hearing on this matter.

We examine the record regarding the de la Garzas' actions in this case. In July 2017, the de la Garzas filed their original petition, including requests for disclosures, and in September 2017, they responded to relators' requests for disclosures. In September 2017, relators filed their plea in abatement; however, the de la Garzas did not respond to the plea or provide the required statutory notice. In May 2019, relators filed their first motion to dismiss, and in July 2019, pursuant to the trial court's directions, the de la Garzas provided the required statutory notice of suit. In 2020, the de la Garzas filed a motion to mediate the case, a proposed order granting their motion to mediate, and a motion to quash their depositions. Counsel for the de la Garzas also sent an email to relators' counsel asking if relators had supplemented their responses to discovery. In 2021, the de la Garzas sent three emails to relators' counsel regarding mediation and discovery matters. In 2023, the same day that the trial court set the case for a hearing on its dismissal docket, the de la Garzas sent counsel an email regarding mediation and filed a motion to retain the case on the trial court's docket. In 2024, after the trial court again set the case for a hearing on its dismissal docket and relators filed their second motion to dismiss, the de la Garzas mediated the case, filed a second motion to retain the case, and filed a proposed order setting a hearing on relators' discovery objections.

11

Although the record indicates that the de la Garzas occasionally engaged in brief periods of activity on the case, the record also indicates that there are several extensive periods of inaction. Sporadic diligence does not excuse a subsequent lack of diligence. *See In re Bordelon*, 578 S.W.3d at 201; *Nichols v. Sedalco Constr. Servs.*, 228 S.W.3d 341, 343 (Tex. App.—Waco 2007, pet. denied). Further, while the de la Garzas point out that relators caused an automatic abatement of the suit and failed to fully comply with their discovery obligations, "it is the plaintiff who has the duty to prosecute its lawsuit to a conclusion with 'reasonable diligence,' not the defendant." *In re Bordelon*, 578 S.W.3d at 202 (cleaned up) (quoting *Tex. Wrecker Serv. v. Resendez*, No. 13-16-00515-CV, 2017 WL 711642, at *7 (Tex. App.—Corpus Christi–Edinburg Feb. 23, 2017, orig. proceeding) (mem. op.)). While the de la Garzas filed a motion to compel mediation and actively participated in attempting to settle the case, settlement activity does not excuse a lack of diligent prosecution. *See F.D.I.C. v. Kendrick*, 897 S.W.2d 476, 481 (Tex. App.—Amarillo 1995, no writ) ("neither settlement activity nor the passive attitude of opposing parties excuses a want of diligent prosecution"). Finally, we note that most actions taken on the case by the de la Garzas were subsequent to, and presumably in response to, dismissal proceedings instituted by the trial court or the first and second motions to dismiss filed by relators. "Actions taken after a motion to dismiss is filed, including the obtaining of a trial setting or filing of a jury demand, do not enter into the analysis of whether diligence has been exercised." *In re Bordelon*, 578 S.W.3d at 202; *see Cotten v. Briley*, 517 S.W.3d 177, 184 (Tex. App.—Texarkana 2017, no pet.).

The de la Garzas' proffered reasons for the delay do not offer a reasonable

explanation or otherwise establish good cause for the delay. Accordingly, we conclude that they failed to prosecute their lawsuit against relators to a conclusion with reasonable diligence, and the trial court abused its discretion by refusing to grant relators' second motion to dismiss for want of prosecution. *See In re Conner*, 458 S.W.3d at 534. We similarly conclude that relators lack an adequate remedy by appeal. *See id.* We sustain the sole issue presented in this original proceeding.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the de la Garzas' response, and the applicable law, is of the opinion that relators have met their burden to obtain mandamus relief. Accordingly, we conditionally grant the petition for writ of mandamus, and we direct the trial court to vacate its May 10, 2024 order denying relators' second motion to dismiss and to enter an order granting that motion. We trust that the trial court will promptly comply, and our writ will issue only if it fails to do so.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
26th day of August, 2024.

13