

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00029-CV

IN RE FELICIA LYNCH

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

Relator, Felicia Lynch, proceeding pro se, has petitioned this Court for mandamus relief.[1] *See* TEX. GOV'T CODE ANN. § 22.221 (Supp.); *see also* TEX. R. APP. P. 52. Because Relator failed to comply with the required procedures for obtaining mandamus relief, we deny the petition.[2]

## I. Background

On April 3, 2025, the trial court declared Relator a vexatious litigant. The trial court made that ruling based on a motion filed by intervenors below and Real Parties in Interest (RPI), Lacy Operations, Ltd., and R. Lacy Services, Ltd. Relator argues that the RPI, as intervenors, lacked standing to file the motion or receive the granted relief. Relator further asserts that the evidence presented to the trial court did not support a vexatious-litigant finding, because there are too few prior lawsuits satisfying the requirements of Section 11.054 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054.

A party requesting mandamus must provide a record demonstrating the alleged abuse of discretion. TEX. R. APP. P. 52.3(k)(1)(A), (B), 52.7(a)(1); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Crawford*, 560 S.W.3d 357, 363–64 (Tex. App.—Texarkana 2018, orig. proceeding). That applies to pro se litigants. *Wheeler v. Green*, 157

---

[1]Felicia Lynch and Tonja Lynch are both plaintiffs in the same underlying suit. In the same order, the trial court determined that both Felicia Lynch and Tonja Lynch were vexatious litigants. Felicia Lynch and Tonja Lynch both filed separate mandamus petitions in this Court challenging that order. We only address the mandamus petition filed by Felicia Lynch in this opinion. We addressed the mandamus petition filed by Tonja Lynch in our opinion of this date in cause number 06-25-00039-CV.

[2]In light of this resolution, we also deny Relator's "Emergency Motion to Stay Trial Court Proceedings and to Expedite Consideration of Petition for Writ of Mandamus" as moot.

S.W.3d 439, 444 (Tex. 2005) (per curiam) ("We certainly agree that pro se litigants are not exempt from the rules of procedure."); *In re Hudnall*, No. 08-24-00122-CV, 2024 WL 3049473, at *1 (Tex. App.—El Paso June 18, 2024, orig. proceeding) (mem. op.) (recognizing the United State Supreme Court requires that pro se applications are reviewed by "less stringent standards," but "pro se litigants are held to the same procedural standards as applied to other litigants").

The record submitted by Relator omitted material documents necessary to evaluate the petition. Notably, Relator's appendix does not include the motion upon which the challenged order is based. Further, from the text of the complained-of order, it appears that there was a hearing in the trial court. As a result, Relator should have submitted a reporter's record of that hearing or "a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a); *see Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005) ("If the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error."). Relator submitted neither. Therefore, the record is inadequate to support the request for mandamus relief.

Because Relator has not complied with the mandamus application rules, we deny the petition.

Jeff Rambin
Justice

Date Submitted:     April 16, 2025
Date Decided:       April 17, 2025

3