

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00136-CV

IN RE THE VILLAS OF MOUNT PLEASANT, LLC, ET AL.

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

Relators, The Villas of Mount Pleasant, LLC d/b/a Greenhill Villas f/d/b/a Villas of Mount Pleasant, Mt. Pleasant Operators, LLC, and Lloyd Douglas (collectively Relators), petition this Court for a writ of mandamus complaining of the trial court's decision to retain this case on its docket following a motion filed by real party in interest, Kyle King, individually and as Administrator of the Estate of Marilou Whatley King, Deceased, and on behalf of the wrongful death beneficiaries of Marilou Whatley King (King).

Relators argue that the trial court erred in retaining this case and in denying their motion to dismiss the matter for want of prosecution. As a result, Relators request that this Court vacate the trial Court's order retaining this case and ruling denying their motion to dismiss. Relators also request this Court to direct the trial court to dismiss the underlying suit for want of prosecution. In response, King requests that this Court vacate the trial court's order retaining this case on the docket and instruct the trial court to hold an evidentiary hearing on King's motion to retain.

We conditionally grant Relators' petition for a writ of mandamus and order the trial court to vacate its prior retention order and ruling on the motion to dismiss. Even so, due to the unique circumstances of this case, we order the trial court to hold an evidentiary hearing on the issue of whether there is a reasonable explanation of delay in a manner consistent with this opinion.

## I.     Standard of Review and Applicable Law

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or violation of a duty imposed by law and (2) the absence of a clear and adequate

remedy at law." *In re Good Shepherd Hosp., Inc.*, 572 S.W.3d 315, 319 (Tex. App.—Texarkana 2019, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)).

"We review a dismissal for want of prosecution under a clear abuse of discretion standard; the central issue is whether the plaintiffs exercised reasonable diligence." *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam) (citing *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976) (per curiam) (orig. proceeding)). "A trial court abuses its discretion if it acts without reference to any guiding rules and principles or reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Franklin v. Benton-Elam*, No. 06-13-00126-CV, 2014 WL 1722165, at *7 (Tex. App.—Texarkana Apr. 30, 2014, no pet.) (mem. op.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

"Absent an extraordinary circumstance, 'a denial of a motion to dismiss . . . is a ruling incident to the ordinary trial process which will *not* be corrected by mandamus, but by the legal remedy of the ordinary appellate process.'" *In re Crawford*, 560 S.W.3d 357, 363 (Tex. App.—Texarkana 2018, orig. proceeding) (quoting *Hooks v. Fourth Ct. of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding)). That said, an abuse of discretion occurs in the refusal "to grant a motion to dismiss for want of prosecution in the face of unmitigated and unexplained delay." *In re Conner*, 458 S.W.3d 532, 534, 535 (Tex. 2015) (per curiam) (orig. proceeding) (granting petition for a writ of mandamus directing the trial court to vacate its order denying a motion to

dismiss for want of prosecution where there was no good cause for the plaintiff's "unmitigated and unexplained" "nearly decade-long delay").

"A plaintiff has a duty to 'prosecut[e] the suit to a conclusion with reasonable diligence,' failing which a trial court may dismiss for want of prosecution." *In re Levetz*, No. 06-19-00086-CV, 2019 WL 5444158, at *2 (Tex. App.—Texarkana Oct. 24, 2019, orig. proceeding) (mem. op.) (alteration in original) (quoting *In re Conner*, 458 S.W.3d at 534 (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. Comm'n App. 1942))). "A trial court may dismiss a suit for want of prosecution either under its inherent power or pursuant to Rule 165a of the Texas Rules of Civil Procedure." *Id.* (quoting *In re Crawford*, 560 S.W.3d at 364 (citing *In re Conner*, 458 S.W.3d at 534)). "Under Rule 165a(2) of the Texas Rules of Civil Procedure, dismissal is proper when a case is 'not disposed of within the time standards promulgated by the Supreme Court' under the Administrative Rules." *Id.* (citing *In re Crawford*, 560 S.W.3d at 364 (quoting *In re Conner*, 458 S.W.3d at 534) (quoting TEX. R. CIV. P. 165a(2))).

"Trial courts are generally granted considerable discretion when it comes to managing their dockets. Such discretion, however, is not absolute." *Id.* (quoting *In re Crawford*, 560 S.W.3d at 364) (quoting *In re Conner*, 458 S.W.3d at 534).

> Rule 6.1 of the Texas Rules of Judicial Administration directs that district and statutory county court judges "should, so far as reasonably possible, ensure that all [civil cases other than family law] cases are brought to trial or final disposition" within eighteen months from an appearance date in jury cases and twelve months from an appearance date in nonjury cases.

*Id.* (alteration in original) (quoting *In re Crawford*, 560 S.W.3d at 365 (citing TEX. R. JUD. ADMIN. 6.1.)) "[D]ismissal for want of prosecution may be obtained by motion of the trial court

4

or on motion of any party to the suit." *In re Bordelon*, 578 S.W.3d 197, 201 (Tex. App.—Tyler 2019, orig. proceeding) (alteration in original) (quoting *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 738 (Tex. App.—Waco 2005, pet. denied)); *see In re Levetz*, 2019 WL 5444158, at *1–2.

## II.    Background Facts

King filed his lawsuit against Relators in September 2013.  Relators moved to compel arbitration in March of 2014.  That motion was denied by the trial court on May 14, 2014.  Relators then filed a notice of accelerated appeal in this Court in May 2014.  This Court issued its opinion in December 2014 and reversed the trial court's judgment and remanded this case for further proceedings.  This case proceeded to arbitration.  In February 2017, the arbitrator entered an award against the Relators.  King filed a motion to confirm arbitration in February of 2017.  An order, or the arbitration award, and judgment were entered by the trial court in August 2017.  King amended his petition in April 2018.  After Relators answered in May 2018, there was some activity in the case regarding an agreed confidentiality and protective order.  That activity continued through August of 2018.  The case then remained inactive until the trial court entered a scheduling order in February 2021.  At the end of November 2021, there was a notice of cessation of practice and motion for abatement and continuance filed.  The record does not reflect which party filed that motion, or if it was an agreed motion.  From December 2021 until July 2025, there was no activity in this case.

On July 16, 2025, the trial court sua sponte placed the matter on its dismissal docket, issuing a notice stating:

5

> **BE IT KNOWN** that the above styled case has been set for Dismissal for Want of Prosecution hearing on August 13, 2025[,] at 9:00 A.M. in person at the Titus County Annex located at 105 West First Street, Mount Pleasant, TX 75455. Notice will be e-filed to all parties for service.

On August 12, 2025, at 10:45 a.m., King filed a motion to retain the case on docket stating that "Trial [wa]s not currently scheduled," "Discovery beyond [i]nitial [d]isclosures ha[d] not been completed, in part due to changes in [Relators'] Counsel," and no previous continuances had been requested. At 10:48 a.m. that same morning, the trial court granted the motion to retain the case, ordering that a scheduling order be in place no later than August 29, 2025. That evening, at 9:39 p.m., Relators filed an objection and response to King's motion to retain. King asserts that the following day, August 13, King appeared before the trial court for a hearing, as noticed by the trial court's sua sponte dismissal docket notice.[1]

On August 29, 2025, Relators moved to dismiss the case for want of prosecution, essentially arguing that the case had been substantively inactive since 2018. A new scheduling order was signed on September 2, 2025, with a trial date set for June 8, 2026. On November 13, 2025, the trial court held a hearing on Relators' motion to dismiss, and the trial court denied their motion.

### III.    Analysis

There was a period of inactivity, at the very least, from the November 2021 motion to abate until the July 2025 notice of potential dismissal. Because there was a delay of over three

---

[1]We note that there is a dispute between the parties as to whether the dismissal hearing occurred and what took place at that hearing. The mandamus record does not contain a record of an August 13, 2025, dismissal docket hearing, but it is referenced before the trial court at the November 13, 2025, hearing on Relators' motion to dismiss.

years, King was required to show good cause for his delay in prosecuting the case. *See In re Crawford*, 560 S.W.3d at 364 (citing *In re Conner*, 458 S.W.3d at 534).

In our review of this case, we address the following four factors on mandamus that a

> trial court generally will consider . . . in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay.

*In re Ford Motor Co.*, No. 13-19-00083-CV, 2019 WL 1440574, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 1, 2019, orig. proceeding) (mem. op.) (citing *Najera v. Martinez*, 557 S.W.3d 846, 850 (Tex. App.—El Paso 2018, no pet.); *Henderson v. Blalock*, 465 S.W.3d 318, 321–22 (Tex. App.—Houston [14th Dist.] 2015, no pet.)); *see In re Trane U.S. Inc.*, No. 13-18-00008-CV, 2018 WL 1192712, at *6 (Tex. App.—Corpus Christi–Edinburg Mar. 6, 2018, orig. proceeding) (mem. op.); *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 729 (Tex. App.—San Antonio 2012, pet. denied); *WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied). "No single factor is dispositive." *In re Ford Motor Co.*, 2019 WL 1440574, at *1.

We find that the first three factors could not have been weighed in King's favor. The case was on file for over ten years. While there had been some activity in the case between 2013 and 2021, the case had been sitting idle for over three years at the time the trial court issued the notice of potential dismissal. Also, at the time of the notice of dismissal, there was no trial setting being contemplated.

The fourth and final factor to be considered is the existence of reasonable excuses for the delay. Although not required by the trial court in its notice to dismiss, King filed an unverified

motion to retain the case the day before the hearing. In his motion, King explained that discovery in the case had not been completed because of changes in defense counsel. King also requested that the case be retained on the trial court's docket. Those statements were insufficient to rebut the conclusive presumption of abandonment. *See In re Levetz*, 2019 WL 5444158, at *5.

Here, as in *In re Crawford*, there were no findings made regarding King's "reasonable explanation for the delay," and we find none in the record. *See In re Crawford*, 560 S.W.3d at 365 (quoting *In re Conner*, 458 S.W.3d at 535). "Instead, we find that the [over three]-year period of inactivity before the notice of dismissal is not sufficiently explained" by the record. *In re Levetz*, 2019 WL 5444158, at *5 (citing *In re Bordelon*, 578 S.W.3d at 201 (*Nichols v. Sedalco Constr. Servs.*, 228 S.W.3d 341, 343 (Tex. App.—Waco 2007, pet. denied))). Accordingly, King has failed to meet his burden of showing good cause. "Without a reasonable explanation for the delay, an abuse of discretion occurred, given the conclusive presumption of abandonment." *Id.* (citing *In re Crawford*, 560 S.W.3d at 364 (quoting *In re Conner*, 458 S.W.3d at 535)).

Even so, based on this Court's decision in *In re Levetz*, King requests this Court to vacate the trial court's order and to instruct the trial court to conduct an evidentiary hearing on King's motion to retain the case on the docket. King's reliance on *In re Levetz*, however, is misplaced as the cases are distinguishable. In *In re Levetz*, the relator filed a petition for a writ of mandamus complaining of the trial court's decision to retain the case on its docket after a barebones motion to retain was filed by the real party in interest. *In re Levetz*, 2019 WL 5444158, at *5. As in this case, without explanation, the trial court granted the motion to retain,

and an opposition to the motion was received later the same day, which included a motion to dismiss. *See id.* at \*4. Although the trial court had already granted the motion to retain, the trial court held a hearing on the motion to dismiss. *Id.* Neither the real party in interest nor counsel for real party in interest appeared at the hearing. *Id.* The trial court maintained its decision to retain the case. *Id.*

On appeal, we held that the trial court abused its discretion by failing to dismiss because there was no evidence showing good cause was presented. *Id.* at \*5–6. However, we opted to "employ [relator's] request to require the trial judge to hold an evidentiary hearing" to determine whether good cause existed to retain, ultimately giving the real party in interest its opportunity to be heard. *Id.* at \*6. Here, we find that the facts are not analogous. Instead, we have the opposite situation—the party who had the burden to show good cause to retain, King, was present at both the dismissal hearing and at the motion to dismiss hearing. Furthermore, unlike in *In re Levetz* where the relator requested the case be sent back for a proper adversarial hearing, here, King is requesting the hearing, and Relators are requesting dismissal. While this case certainly presents a unique set of circumstances that at first blush mirror those in *In re Levetz*, we are not persuaded that *In re Levetz* controls on this set of facts.

However, King also requests the Court to remand this case to the trial court for an evidentiary hearing "in the interest of justice." *See In re J.E.H.*, 384 S.W.3d 864, 872 (Tex. App.—San Antonio 2021, no pet.) (quoting *In re S.E.W.*, 168 S.W.3d 875, 885–86 (Tex. App.—Dallas 2005, no pet.)). "An appellate court has 'broad discretion to remand in the interest of justice.'" *Id.* (quoting *In re S.E.W.*,168 S.W.3d at 885–86). "As long as there is a probability

9

that a case for any reason has not been fully developed, an appellate court has the discretion to remand rather than render a decision." *Id.* at 872 (quoting *In re S.E.W.*, 168 S.W.3d at 886); *see also Est. of Jenkins*, No. 06-25-00021-CV, 2025 WL 2972416, at *7 (Tex. App.—Texarkana 2025, no pet.) (mem. op.). "Although appellate courts have broad discretion to remand in the interest of justice, justice does not require parties be afforded another 'bite at the apple.'" *In re J.M.T.*, 617 S.W.3d 604, 609 (Tex. App.—San Antonio 2020, no pet.) (quoting *Jackson v. Ewton*, 411 S.W.2d 715, 719 (Tex. 1967)). We choose to exercise that discretion here.

As noted above, while this case is several years old, there was significant activity in this case, including an interlocutory appeal, an arbitration, a partial arbitration award, and then back to the trial court to confirm the arbitration award. The trial court entered a scheduling order in February 2021. Yet, at the end of November 2021, there was a notice of cessation of practice and motion for abatement and continuance filed. The record does not reflect which party filed that motion, or if it was an agreed motion. In King's motion to retain, he did mention there was a change of defense counsel and discovery had not been completed. That seemed to satisfy the trial court, and it granted King's motion to retain, which was the first motion to retain filed in this case.

Even though the trial court granted King's motion, Relators filed a response to the motion to retain. The following day, King showed up for the previously noticed hearing. The mandamus record reflects that King claims he had a further discussion with the trial court about the case. Relators failed to show up for that hearing. No record of that hearing was provided to

10

this Court, and it is unknown if one exists. Soon thereafter, the trial court set this case for trial in June 2026.

Relators filed a subsequent motion to dismiss. At the motion to dismiss hearing, King apparently believing he had satisfied any burden to retain the case on the trial court's docket, pointed out what happened at the August hearing. King mentioned that he had been trying to locate "Mr. Douglas, the fact that [h]e had other cases with Mr. Douglas. They're in a similar position where management companies ha[d] been sold." Additionally, King mentioned that he "ha[d] a notice of deposition to possibly the most important person that [he had] been trying to get a deposition notice on for the last several years." King also advised the Court

> Under 165a, . . . there is an exception to the timeframes for [he] believe[s] it's special or unique circumstances. While there are certainly more complicated cases than this one, it's not every day that you've got a case that has an arbitration, an appeal, a partial arbitration award, a partial nonsuit, an attorney's subbing in, that attorney passing away, that attorney subbing out, new counsel on the case.

At the conclusion of the hearing, the trial court was still satisfied that the case should remain on the trial docket rather than be dismissed and denied Relators' motion to dismiss. Yet, when making its ruling, the trial court did not address any findings regarding King's reasonable explanation for the delay in support of the order denying Relators' motion to dismiss the case.

On this record, we conclude that Relators have established entitlement to mandamus relief. Accordingly, we vacate the trial court's order retaining the case on the docket. That said, we find that this case involves a unique set of circumstances. As a result, we choose to employ King's request to remand and require the trial judge to hold an evidentiary hearing on Relators'

11

motion to dismiss the case and make findings as to whether there is a reasonable explanation of delay.

We conditionally grant Relators' petition for a writ of mandamus and order the trial court to vacate its prior retention order and ruling on the motion to dismiss. Pursuant to King's request, we order the trial court to hold an evidentiary hearing in a manner consistent with this opinion.


Scott E. Stevens
Chief Justice


Date Submitted:      April 21, 2026
Date Decided:       April 22, 2026